

DA 12-0053

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 267

WHITEFISH CREDIT UNION,

   Plaintiff and Appellee,

 v.

RUSSELL SHERMAN and JOAN SHERMAN,

   Defendants and Appellants.

APPEAL FROM:  District Court of the Twentieth Judicial District,
       In and For the County of Lake, Cause No. DV 11-174
       Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

   For Appellants:

      James A. Manley, Joshua C. Morigeau, Manley Law Firm,
      Polson, Montana

   For Appellee:

      Sean S. Frampton, Brian M. Joos, Morrison & Frampton, PLLP,
      Whitefish, Montana

      Kevin S. Jones, Christian, Samson, & Jones, PLLC, Missoula, Montana

         Submitted on Briefs: August 29, 2012

            Decided: November 20, 2012

Filed:

     _____
          Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Russell and Joan Sherman[1] appeal from the District Court's December 29, 2011 order denying in part and granting in part their motion to vacate and to set aside the default judgment entered against them on November 2, 2011 (henceforth referred to as the Shermans' Motion).

¶2 We address the following, restated issue on appeal, and we affirm: Did the District Court slightly abuse its discretion in denying the Shermans' Motion?

**Background**

¶3 The District Court did not enter any findings of fact, conclusions of law or a rationale in support of its order. Rather, in entering its summary ruling, the court simply stated that it had considered the Shermans' Motion, the briefs, the affidavits, and the pleadings on file. Thus, we are not privy to exactly the District Court's rationale. Yet, in *Caplis v. Caplis*, 2004 MT 145, ¶ 14, 321 Mont. 450, 91 P.3d 1282, we proceeded to address the entry of default judgment at issue there, despite the similarly summary nature of the court's order. Accordingly, from our review of the District Court record, we proceed to address the issue on appeal.

¶4 The following pertinent facts are established in the record. Between January 2007 and July 2010, Russell, a sophisticated borrower and real estate developer, obtained loans

---

[1] Collectively, we refer to Russell and Joan as "the Shermans." Since, as noted *infra*, the District Court ultimately dismissed the default judgment against Joan as void for lack of personal service, we refer to the only remaining Appellant as "Russell." Indeed, Joan's appeal is moot because the case against her has been dismissed, she has nothing to appeal, and we are unable to grant her any effective relief. *See Progressive Direct Ins. Co. v. Stuivenga*, 2012 MT 75, ¶ 17, 364 Mont. 390, 276 P.3d 867.

for over $1,594,282 from the Whitefish Credit Union (WCU). This total was comprised of various loans made at different times and for different reasons. Russell defaulted in paying the loans. Unable to resolve the delinquencies satisfactorily through negotiations and exchanges of correspondence between WCU and the Shermans' counsel, WCU gave notice of default by a 10-day demand letter dated February 18, 2011. WCU filed its Complaint for Foreclosure on July 1, 2011, and twice requested the Shermans' counsel to accept service on behalf of his clients. Receiving no response from the Shermans' counsel, WCU waited an additional 30 days and then requested that the sheriff serve the Shermans. According to the sheriff's affidavit, service was effected on the Shermans on September 8, 2011. As it turned out, however, only Russell was, in fact, served; Joan was not personally served with process. Russell failed to enter a timely appearance or answer WCU's complaint. Accordingly, WCU requested entry of default, and the Shermans' default was entered on October 7, 2011. After waiting an additional 20 days, WCU filed its request for entry of a default judgment. The District Court entered default judgment on November 2, 2011.

¶5 The Shermans learned of the court's entry of default judgment on November 5, 2011, and they then filed their motion to vacate and set aside the default judgment on November 16, 2011. As already noted above, on December 29, 2011, the District Court entered its order on the Shermans' Motion. The court summarily denied the motion insofar as it applied to the default judgment entered against Russell, but the court granted the motion insofar as it applied to Joan. Based on WCU's concession that Joan was not properly served by the sheriff, the court ruled that it had no personal jurisdiction over her,

3

and that the default judgment was, as a result, void as to her. There is no argument on appeal that the court's dismissal of the default judgment against Joan was in error. Therefore, we consider only whether the District Court slightly abused its discretion in not vacating and setting aside the default judgment as to Russell.[2]

¶6 We also note that the parties' briefs on appeal refer to a number of other facts, mostly regarding the underlying loan transactions and the demands and negotiations between the Shermans, their counsel, and WCU, that preceded WCU filing its complaint. We do not set out those facts, however, because they are not relevant to the issue we decide here.

### Standard of Review

¶7 This Court disfavors default judgments because our policy is that litigated cases are to be decided on the merits. Thus, we review a district court's decision to deny a motion to set aside a default judgment for only a slight abuse of discretion. That said, however, the party seeking to set aside a default judgment has the burden of proof. *Prof. Sports v. Nat'l Indoor Football League*, 2008 MT 98, ¶ 21, 342 Mont. 292, 180 P.3d 1142 (citing *Caplis*, ¶ 16).

### Discussion

¶8 *Did the District Court slightly abuse its discretion in denying the Shermans' Motion?*

---

[2] The District Court's denial of Russell's motion to vacate and set aside the default judgment against him is a final order for purposes of appeal under M. R. App. P. 6(3)(a).

4

¶9 Russell offers three arguments on appeal: (1) that because Joan was not served with process, the default judgment should have been void in its entirety under M. R. Civ. P. 60(b)(4); (2) that the default judgment should have been set aside for "mistake, inadvertence, surprise, or excusable neglect" under M. R. Civ. P. 60(b)(1); and (3) that the default judgment should have been set aside or vacated for "other reasons justifying relief from the operation of the judgment" under M. R. Civ. P. 60(b)(6). Russell also argues that the District Court only considered his argument made under M. R. Civ. P. 60(b)(4), and failed to consider his arguments made under both M. R. Civ. P. 60(b)(6) and 60(b)(1).

¶10 In its December 29, 2011 order, the District Court stated that it considered the Shermans' Motion, the briefs, the affidavits, and the pleadings on file in this matter. The court also noted that WCU conceded that Joan was not personally served and that the default judgment was, therefore, void as to her. Finally, the court stated that Russell did not cite legal authority for his argument that voiding the default judgment as to Joan also voided the judgment as to him. In so doing, the court rejected Russell's reliance on *Nikolaisen v. Advance Transformer Co.*, 2007 MT 352, 340 Mont. 332, 174 P.3d 940, as being not on point.

¶11 First, Russell's contention that the District Court failed to consider his arguments made under both M. R. Civ. P. 60(b)(6) and 60(b)(1), but only considered his argument made under M. R. Civ. P. 60(b)(4), is not persuasive. Russell's M. R. Civ. P. 60(b)(6) and 60(b)(1) arguments were made in his briefs filed in the trial court. And, as already noted, the District Court stated in its December 29, 2011 order that it considered the

5

Shermans' "[M]otion, the briefs, the affidavits and the pleadings on file." Indeed, the court's order specifically identifies the Shermans' Motion to vacate or set aside default judgment and brief in support filed November 16, 2011, WCU's response to that motion filed December 1, 2011, and the Shermans' reply filed December 12, 2011. Russell has failed to offer anything but his conclusion to contravene the trial court's statement that it considered the entire record before it. Therefore, we reject Russell's conclusory argument to the contrary.

¶12 Next, as to Russell's contention that the court's voiding the default judgment as to Joan (for lack of personal service) also voided the default judgment as to him, we conclude, as did the District Court, that Russell failed to support this argument with any persuasive legal authority. After arguing that service of process serves (1) to notify a party that litigation is pending, and (2) to vest the trial court with jurisdiction, Russell then jumps to the conclusion that "[i]f a judgment is void it must be void in its entirety." The only authority which he cites for this conclusion is *Fonk v. Ulsher*, 260 Mont. 379, 860 P.2d 145 (1993), and *Nikolaisen*.

¶13 *Fonk* is not on point. The sole issue in that case was whether service of process is valid when the process server leaves process with a family member at the residence of other persons sought to be served. *Fonk*, 260 Mont. at 381, 860 P.2d at 146. There we held that this sort of service was not effective to accomplish personal service on a member of the family not actually served with the summons and petition. And, while we held that the court's decree as to the member of the family who was not personally served was void, *Fonk*, 260 Mont. at 384-85, 860 P.2d at 148, we did not have any occasion or

6

reason to rule that the court's decree (or judgment) was void also as to the person who actually was served.

¶14 There was only one defendant in *Fonk*, and that person was not personally served. Thus, *Fonk* supports the court's voiding of the default judgment as against Joan since she was not personally served with process. Our decision, however, does not support also voiding the default judgment as against Russell inasmuch as he was personally served with process. Referring to Russell's own argument, since he was personally served, he did have notice of the pending litigation and, as to him, personal service vested the trial court with jurisdiction. Russell cites no authority that, as to him, the default judgment should be voided under such circumstances.

¶15 Similarly, *Nikolaisen* does not support Russell's argument. As the District Court properly observed, this case is not on point as it discussed only improper service on an out-of-state corporation for failure to follow the required service of process steps outlined in M. R. Civ. P. 4D. Again, there was only one named defendant in that case, and the dispositive issue involved whether service of process was made on that defendant. *Nikolaisen*, ¶¶ 2, 24. We said nothing about voiding an entire default judgment against two defendants, only one of whom was not properly served with process.

¶16 Accordingly, having provided this Court with no authority to support his argument that voiding the default judgment as to Joan also voided the default judgment as to him, we decline to address Russell's argument further. It is not the job of this Court to conduct legal research on a party's behalf, to guess at his precise position, or to develop legal analysis that may lend support to that position. *Johansen v. State, Dept. of Natural*

7

*Resources*, 1998 MT 51, ¶ 24, 288 Mont. 39, 955 P.2d 653. Russell has not met his burden of proving that the default judgment was void as to him so as to implicate M. R. Civ. P. 60(b)(4). We hold that the District Court did not slightly abuse its discretion in denying his motion to vacate or set aside under M. R. Civ. P. 60(b)(4).

¶17 Russell also argues that the court should have set aside the default judgment for "mistake, inadvertence, surprise, or excusable neglect" under M. R. Civ. P. 60(b)(1). In *Blume v. Metropolitan Life Ins. Co*, 242 Mont. 465, 791 P.2d 784 (1990), we set out a conjunctive, four-part test for assessing the propriety of a trial court's decision on setting aside a default judgment under M. R. Civ. P. 60(b)(1). This test is whether the defaulting party: (1) has proceeded with diligence; (2) has shown excusable neglect; (3) would be injured if the judgment is permitted to stand, and (4) has a meritorious defense to the claim. *Blume*, 242 Mont. at 467, 791 P.2d at 786. It is Russell's burden to prove each of these elements. *Essex Ins. Co. v. Moose's Saloon, Inc.,* 2007 MT 202, ¶ 34, 338 Mont. 423, 166 P.3d 451.

¶18 Here, Russell, a sophisticated borrower and developer, ignored the summons served on him on September 8, 2011. He made no response to the summons within 20 days—he neither appeared nor answered—as directed by the language on the face of the summons. Indeed, Russell did nothing for nearly two months after service of process until he discovered the default judgment on November 5, 2011. Then, he waited two weeks to file his motion to set aside the default judgment. All this time he was represented by counsel. Yet, following service, he apparently did not notify his counsel that he had been served; he did not verify his belief that his lawyer had received

8

simultaneous service or notice of service; and he did not follow up with this lawyer to insure that a timely appearance had been made on his behalf. On this record, Russell argues for his excusable neglect in not timely appearing or answering WCU's complaint.[3]

¶19 As for excusable neglect, Russell claims ignorance of the "nuances of appearances, attorney-client relationships, and defaults . . . ." He claims that he was not familiar with the technicalities of making an "appearance" in court; that he was unaware that his attorney had not appeared, and thought the attorney would receive the same documents he was served with; and that he believed that since his attorney had been in negotiations with WCU, his counsel would know about any important happenings and would advise him accordingly. It has been said that assumption is the mother of misfortune; that certainly appears to be applicable here.

¶20 We have stated that when a party, aware of the contents of the documents served, ignores the command of the summons, there is no "excusable neglect." *Roberts v. Empire Fire and Marine Ins.*, 278 Mont. 135, 140-41, 923 P.2d 550, 553-54 (1996). Excusable neglect requires some justification for an error beyond mere carelessness or ignorance of the law on the part of the litigant or his attorney. *In re Marriage of Castor*, 249 Mont. 495, 499, 817 P.2d 665, 667 (1991).

¶21 Here, Russell ignored the plain command of the summons to appear or answer within 20 days. Despite being represented by counsel, he did not inform his attorney that

---

[3] It is not clear whether Russell is also arguing mistake, inadvertence, or surprise under M. R. Civ. P. 60(b)(1). To the extent he does, however, we are not persuaded that he has demonstrated any of those grounds based on the record here.

he had been served with process. Instead, he made assumptions about his attorney's knowledge of the summons and complaint, and that his attorney would deal with the matter. He could have made an appointment to see his attorney or he could have called him to verify his belief, but he did neither in the face of a running 20-day deadline. Russell was both careless and neglectful. One—especially a sophisticated businessperson with an attorney—does not have to understand the nuances of the law and legal relationships to exercise care and common sense when served with process that clearly commands to "appear or answer" within 20 days.

¶22 Russell's neglect was not excusable. Rather, it was grounded in carelessness, failure of common sense, and failure to comply with the plain command of the summons personally served upon him by the sheriff. Russell's neglect was inexcusable under the circumstances of this case. Thus, we cannot conclude that Russell has met his burden to prove excusable neglect in order to obtain relief under M. R. Civ. P. 60(b)(1).

¶23 Russell claims that he acted diligently, that he has a meritorious defense to WCU's suit, and that he would be injured if the default is permitted to stand. While that may or may not be the case, since Russell has failed in his burden of proving the excusable neglect prong of the four-part, conjunctive *Blume* test, we need not proceed further to address the remaining elements of the test. *Matthews v. Don K Chevrolet*, 2005 MT 164, ¶ 15, 327 Mont. 456, 115 P.3d 201. Accordingly, we hold that the District Court did not slightly abuse its discretion in refusing to set aside the default judgment on the basis of M. R. Civ. P. 60(b)(1).

¶24 Finally, Russell argues that the default judgment should be set aside or vacated for "other reasons justifying relief from the operation of the judgment" pursuant to M. R. Civ. P. 60(b)(6). But, relief under this section of the Rules of Civil Procedure is appropriate only "in extraordinary circumstances which go beyond those covered by the first five subsections of the rule." *Essex*, ¶ 21. "Thus, before a party will be allowed to modify a final judgment under Rule 60(b)(6), he must first show that none of the other five reasons in Rule 60(b) apply . . . ." *In re Marriage of Waters*, 223 Mont. 183, 187, 724 P.2d 726, 729 (1986). In other words, relief under M. R. Civ. P. 60(b)(6) is mutually exclusive of relief under a prior section. *Matthews*, ¶ 17.

¶25 Here, Russell attempted, albeit without success, to establish relief under M. R. Civ. P. 60(b)(1) and 60(b)(4), demonstrating, arguably at least, that either the judgment against him was void (M. R. Civ. P. 60(b)(4)), or that his mistake, inadvertence, surprise or excusable neglect excused his default (M. R. Civ. P. 60(b)(1)). That Russell was unsuccessful in meeting his burden of proof under either of these two subsections of the Rule, does not mean that neither subsection was applicable to his case. Indeed, if Russell had not been personally served, M. R. Civ. P. 60(b)(4) would have been dispositive in his favor (as it was with Joan), and on different facts, Russell might well have proven mistake, inadvertence, surprise or excusable neglect for purposes of M. R. Civ. P. 60(b)(1).

¶26 More to the point, Russell did not prove that because of the inapplicability of M. R. Civ. P. 60(b)(1) through (5), relief under M. R. Civ. P. 60(b)(6) was his last and only resort for M. R. Civ. P. 60(b) relief. Under these circumstances, relief under

11

M. R. Civ. P. 60(b)(6) is not available to Russell. We also reject Russell's argument that because foreclosures are cases in equity, M. R. Civ. P. 60(b)(6) is the only one that allows for equitable arguments and none of the other subsections apply for equity. The question, however, is simply whether one of M. R. Civ. P. 60(b)'s subsections (1) through (5) applies. Since Russell himself argues that two of those subsections applied—subsections (1) and (4)—relief under M. R. Civ. P. 60(b)(6) is unavailable to him. *Matthews*, ¶ 17.

¶27 For the foregoing reasons, and based on his failures to meet his burden of proof, we hold that the District Court did not slightly abuse its discretion in denying Russell's motion to vacate and set aside the default judgment entered against him.

¶28 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BETH BAKER