NOT DESIGNATED FOR PUBLICATION

Nos. 117,309
117,310
117,311

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH HARMON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Opinion filed December 22, 2017. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Kayla L. Roehler*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., BUSER and ATCHESON, JJ.

PER CURIAM:  Joseph Harmon appeals from the district court's denial of his motion to withdraw his plea. The district court found that Harmon had failed to establish excusable neglect for his untimely filing of that motion. We agree.

1

*Procedural background*

In the spring of 2013, Harmon was on probation for convictions from 2012 when he was charged with several new felony offenses in three separate cases. The State agreed to recommend that the district court revoke Harmon's existing probation and impose a 60-month total sentence for all charges in all cases if Harmon pled guilty. Harmon did so. At a plea hearing, the judge asked Harmon if he understood that "the maximum punishment for these offenses is up—since they're being run concurrent, up to 34 months imprisonment and a fine of up to $100,000." Harmon agreed.

A different judge sentenced Harmon, however. The judge imposed a 15-month sentence for 13 CR 399, a 30-month sentence for 13 CR 776, and a 19-month sentence for 13 CR 777, and ordered Harmon to serve the new sentences consecutive to each other, as well as consecutive to Harmon's probation revocation cases, for a total sentence of 81 months.

Harmon's mother suggested to Harmon that the sentence was longer than expected. Harmon spoke to his attorney the day after sentencing but says the attorney told him that there was nothing Harmon could do and that he "was just really stuck with the sentence." Harmon did not appeal or ask his attorney about the possibility of filing a motion to withdraw his pleas.

While in prison, Harmon learned that he might be able to withdraw his pleas. But Harmon did not trust the jailhouse lawyers, so he worked, saved some money, and then hired a lawyer. Approximately two years past the motion deadline, Harmon filed a motion to withdraw his pleas. Harmon argued manifest injustice because the district court had not advised him of the maximum possible sentence in his case and had told him that his sentences would run concurrently. He argued excusable neglect for his untimely

motion because no one had told him that pleas could be withdrawn or of any time limit for such a motion.

The judge who had accepted the pleas held an evidentiary hearing on Harmon's motion to withdraw his pleas. He found manifest injustice because the district court had not properly advised Harmon of the maximum possible sentence in his case. But the judge correctly found that Harmon would also have to establish excusable neglect for not having filed his motion within the statute's one-year deadline. After hearing Harmon's testimony, the district court found that Harmon's unawareness of the deadline did not establish excusable neglect for his untimely filing, so he denied Harmon's motion to withdraw his pleas. Harmon timely appeals.

*Did the district court properly find Harmon failed to demonstrate excusable neglect?*

The sole issue on appeal is whether the district court erred in finding that Harmon failed to establish excusable neglect for his untimely filing of his motion to withdraw his pleas. We review a district court's decision to deny a motion to withdraw a plea for an abuse of discretion. *State v. Szcygiel*, 294 Kan. 642, 643, 279 P.3d 700 (2012). The district court abuses its discretion if it bases its decision on an error of fact or law or if its decision is so unreasonable that no reasonable person would agree with it. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

After sentencing, a court may set aside a sentence and allow a defendant to withdraw a plea "[t]o correct manifest injustice." K.S.A. 2016 Supp. 22-3210(d)(2). But a defendant who seeks to set aside a plea after sentencing must file a motion with the court within, generally, one year of the final order in the case. K.S.A. 2016 Supp. 22-3210(e)(1).

If a defendant does not file a motion to withdraw a plea within the one-year deadline, the court may give the defendant more time if the defendant makes an "affirmative showing of excusable neglect." K.S.A. 2016 Supp. 22-3210(e)(2). Excusable neglect requires "something more than unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind." *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 65, 523 P.2d 351 (1974). "'Excusable neglect requires some justification for an error beyond mere carelessness or ignorance of the law on the part of the litigant or his attorney.'" *State v. Davisson*, 303 Kan. 1062, 1069, 370 P.3d 423 (2016) (quoting *Whitefish Credit Union v. Sherman*, 367 Mont. 103, 109, 289 P.3d 174 [2012]).

Because Harmon did not file a direct appeal, he had until October 2014 to file his motion after his sentencing. It is undisputed that Harmon filed his motion in October 2016, nearly two years past the deadline. Harmon argued that his untimely motion was due to his excusable neglect because he did not understand that he could file a motion to withdraw a plea and did not know anything about a motion deadline.

On appeal, Harmon first argues that the district court made a legal error by relying on *Davisson*, 303 Kan. 1062, Syl. ¶ 7. In *Davisson*, a prisoner argued excusable neglect for a motion to withdraw a plea based upon ignorance of the ability to bring the action. The Supreme Court rejected this argument and held that ignorance of the statute of limitations or the ability to withdraw a plea is not sufficient to establish excusable neglect to overcome the statute of limitations. 303 Kan. at 1069-70. We recently applied *Davisson* in finding no excusable neglect when a defendant was unaware of the one-year statute of limitations and her trial attorney did not inform her of the ability to withdraw the plea. *State v. Hodge*, No. 116,644, 2017 WL 2709791, at *2-3 (Kan. App. 2017) (unpublished opinion), *rev. denied* October 25, 2017.

Harmon agrees, as we do, that *Davisson* established the legal principle applicable here—that a defendant's ignorance of the law is insufficient to show excusable neglect.

4

But Harmon argues that his case is distinguishable from *Davisson* because unlike the defendant there, Harmon relied on his attorney's advice that "[t]here really wasn't anything else [Harmon] could do." But Harmon has not shown how this statement justifies his failure to bring his motion to withdraw his plea within a year from the end of his criminal case. Harmon eventually rejected his attorney's alleged advice that there was nothing he could do and did something. Harmon was informed by someone in jail, apparently long before he filed his motion to withdraw his pleas, that filing a motion to withdraw his pleas was possible. Nonetheless, Harmon chose to ignore that advice and wait. However laudable Harmon's efforts may be to work until he could save enough money to hire an attorney to file the motion to withdraw his pleas, those very efforts show Harmon's prior knowledge that filing such a motion was possible. He was working toward that end. We find no error of law.

Next, Harmon argues that the district court based its decision on an erroneous factual finding. In its order denying Harmon's motion, the district court stated that Harmon's motion was untimely because "[Harmon] was simply unaware of the appeal deadline." Harmon states that he was, in fact, aware of the deadline for filing appeals but was not aware of the deadline for filing motions to withdraw a plea.

We agree that the district court made a misstatement. In the very same paragraph, however, the judge stated that *Davisson* was "damaging to [Harmon's] argument." And in *Davisson*, our Supreme Court found that the defendant did not establish excusable neglect where he knew neither that he could file a motion nor knew the deadline for that motion. 303 Kan. at 1063-64. There was no issue in *Davisson* of an appeal deadline, so the court would not have cited *Davisson* unless it were discussing the lack of knowledge of the motion deadline. Although the district court made a factual error in stating that Harmon was unaware of the appeal deadline, it did not base its legal conclusion on this statement. See *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011) (finding that

judicial discretion is abused if a judge bases his or her legal conclusion on an erroneous factual finding).

Last, Harmon argues that the judge abused his discretion because no reasonable person could have reached the same conclusion. Harmon argues that his untimely motion was excusable because he did not know he could file a motion to withdraw his pleas and his attorney told him "[t]here wasn't anything else [Harmon] could do." But "ignorance of K.S.A. 2016 Supp. 22-3210's existence fails to establish excusable neglect." *State v. Edwards*, No. 115,612, 2017 WL 4081449, at *3 (Kan. App. 2017) (unpublished opinion) (citing *Davisson*, 303 Kan. at 1070).

Harmon knew the day after his sentencing that he had received a sentence greater than he expected, and he learned while in jail that he could file a motion to withdraw his pleas. Nonetheless, he chose to wait three years before filing that motion. A reasonable person could easily agree with the district court's determination that Harmon failed to show excusable neglect. See, e.g., *State v. Miller*, No. 111,830, 2015 WL 5009644, at *4 (Kan. App. 2015) (unpublished opinion) (finding no abuse of discretion in summarily denying Miller's motion to withdraw his plea because it was not the district court's responsibility to advise defendant about the deadline; it was defendant's duty to meet the statutory deadlines and his failure to meet them was not because of some unexpected or unavoidable hindrance).

We find no abuse of discretion in the district court's denial of Harmon's motion to withdraw his pleas.

Affirmed.