NOT DESIGNATED FOR PUBLICATION

No. 120,466

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES L. STEWART II,
*Appellant.*

MEMORANDUM OPINION

Appeal from Jefferson District Court; GARY L. NAFZIGER, judge. Opinion filed August 28, 2020. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and BUSER, JJ.

PER CURIAM: James L. Stewart II timely appeals the summary denial of his postsentence motion to withdraw his 2013 guilty plea to one count of attempted aggravated robbery. He argues the district court erred in finding he had not shown excusable neglect to permit him to file his motion beyond the statutory one-year time limit for doing so. Upon review of the file and records, we find no error by the district court in the summary denial of Stewart's untimely motion to withdraw his plea. We affirm.

1

Pursuant to a plea agreement, Stewart pled guilty to one count of attempted aggravated robbery in November 2013. In December 2013, he was granted a downward durational departure and sentenced to 60 months' imprisonment with 24 months of postrelease supervision. Stewart did not file a direct appeal. Over four years later, in June 2018, Stewart filed a pro se motion to withdraw his plea, generally alleging his trial counsel failed to adequately investigate a possible defense and failed to properly challenge the State's evidence. Stewart now alleges those failures by his trial counsel effectively coerced him into accepting the plea agreement.

The district court appointed counsel to represent Stewart and held a nonevidentiary hearing at which Stewart was not present. The State argued Stewart's motion was time barred based on the one-year time limit to file a postsentence motion to withdraw plea set forth in K.S.A. 2019 Supp. 22-3210(e)(1). Stewart's counsel did not argue excusable neglect to permit an untimely motion to withdraw plea as required by K.S.A. 2019 Supp. 22-3210(e)(2). Instead, he responded at the nonevidentiary hearing to the State's argument:  "Judge, the facts are what they are. I just know that he would like to be brought back to be heard on this matter." The district court summarily denied Stewart's motion, finding Stewart had not demonstrated excusable neglect to permit the filing of his motion to withdraw his plea past the one-year statutory limit. Additional facts are set forth as necessary herein.

ANALYSIS

"To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2019 Supp. 22-3210(d)(2). Generally, an appellate court will not disturb a district court's denial of a postsentence motion to withdraw plea absent an abuse of discretion. *State v. Johnson*, 307

Kan. 436, 443, 410 P.3d 913 (2018). When a district court summarily denies a postsentence motion to withdraw a plea without argument or additional evidence, our review is de novo since we have the same access to the motions, records, and files as the district court. *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014).

A postsentence motion to withdraw plea

"must be brought within one year of: (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2019 Supp. 22-3210(e)(1).

This one-year time limit "may be extended by the court only upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2019 Supp. 22-3210(e)(2).

Stewart was sentenced on December 5, 2013. He did not file a direct appeal; therefore, appellate jurisdiction terminated 14 days after his sentencing. See K.S.A. 2019 Supp. 22-3608(c). The one-year time limit for filing a motion to withdraw plea began running on December 20, 2013. See K.S.A. 2019 Supp. 60-206(a)(1)(A) (time for filing notice of appeal does not include triggering date). Stewart needed to file his postsentence motion to withdraw his guilty plea on or before December 22, 2014.

Here, Stewart filed his motion to withdraw plea in June 2018, clearly beyond the one-year time limit set forth in K.S.A. 2019 Supp. 22-3210(e)(1). Therefore, Stewart must establish excusable neglect to permit the untimely filing of his motion to withdraw plea. See K.S.A. 2019 Supp. 22-3210(e)(2). The term "excusable neglect" is not defined by statute. However, Kansas appellate courts have applied a definition set forth in Black's

Law Dictionary. In *State v. Gonzalez*, 56 Kan. App. 2d 1225, 1229-30, 444 P.3d 362 (2019), another panel of this court relied on the following definition:

> "'A failure—which the law will excuse—to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) not because of the par[t]y's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party.' Black's Law Dictionary 1133 (9th ed. 2009)."

*Gonzalez* further explained:

> "Excusable neglect requires 'something more than unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind.' *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 65, 523 P.2d 351 (1974). "'Excusable neglect requires some justification for an error beyond mere carelessness or ignorance of the law on the part of the litigant or his attorney.'" *State v. Davisson*, 303 Kan. 1062, 1069, 370 P.3d 423 (2016) (quoting *Whitefish Credit Union v. Sherman*, 367 Mont. 103, 109, 289 P.3d 174 [2012])." 56 Kan. App. 2d at 1229.

Stewart argues the district court erred in finding he had not shown excusable neglect to permit him to file his motion to withdraw his plea beyond the one-year time limit. Specifically, he asserts the fact he had filed a K.S.A. 60-1507 motion and had not been able to contact habeas counsel regarding the status of that motion or ability to appeal constituted excusable neglect. What Stewart fails to acknowledge is he never explicitly argued excusable neglect in his motion to withdraw his plea before the district court. Rather, his reference to his K.S.A. 60-1507 motion related to his argument about manifest injustice. But manifest injustice goes to the merits of his claim. See K.S.A. 2019 Supp. 22-3210(d)(2). Stewart's motion was summarily denied as untimely; the district court never reached the merits of his claim.

Stewart failed to explicitly argue excusable neglect in his pro se motion before the district court. While counsel was appointed to represent Stewart, his counsel did not file a separate motion. At the nonevidentiary hearing, Stewart's counsel did not argue or explain excusable neglect. Rather, Stewart's counsel stated:

"Well, Judge, I think his motion sets out pretty accurately what relief he's requesting and why. He's done a pretty good job of setting out his reasons.

"I understand the State believes he's filed out of time. I would ask that you find he's made a prima [facie] case, bring him back so we can have a hearing, and go forward from there."

After the State explained its position regarding the untimeliness of Stewart's motion, Stewart's counsel responded: "Judge, the facts are what they are. I just know that he would like to be brought back to be heard on this matter." Based on his motion and the arguments of his attorney, Stewart never properly raised a claim of excusable neglect before the district court. A point not raised before the district court generally cannot be raised for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). In order to do so, the appellant must explain why the argument was not raised below and establish one of the recognized exceptions to allow the argument to be considered for the first time on appeal. See *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014).

In his brief, Stewart does not explain why the argument was not raised below. Rather, he asserts "while [he] may not have used the words 'excusable neglect,' he did offer an explanation of the delay in his case." He further claims "circumstances beyond his control had resulted in the delayed filing of his motion." Stewart then goes on to quote from his motion:

"The Defendant recently filed a K.S.A. 60-1507. However, the remedy was the wrong instrument to withdraw the Plea. (2) The Defendant has [repeatedly] attempted to contact

5

Habeas Counsel for Notice of Appeal. However, [Defendant's] attempts failed. Counsel never responded, causing forfeiture of that appeal. (3) As long as different arguments and facts are discovered, then the [court's] refusal to hear this motion would result in another 'manifest injustice.'"

The first problem with Stewart's argument is the language he relies on from his motion relates to a claim of manifest injustice, not excusable neglect. The closest Stewart comes to making a claim of excusable neglect appears in a different portion of his motion, which he has not cited in his brief. But he confuses manifest injustice with excusable neglect. Stewart argued: "[His] failure to address other reasons why imposition of the one-year time limitation is a manifest injustice is not necessarily fatal to [his] claim." However, he went on to assert he lacked knowledge of relevant law and procedure, "lacked guidance from his appointed attorney," and "was misled by the Court." Stewart stated he "did not have the legal knowledge sufficient to make a proper argument" and, therefore, filed a K.S.A. 60-1507 motion rather than a motion to withdraw his plea. See K.S.A. 2019 Supp. 22-3210(d). Stewart further asserted he was abandoned by his habeas counsel.

Here, Stewart's contentions largely relate to his lack of knowledge and skill as to the relevant law and legal procedure. However, "'ignorance of the rules does not constitute excusable neglect.'" *State v. Davisson*, 303 Kan. 1062, 1069, 370 P.3d 423 (2016). We cannot tell whether Stewart's reference to his "appointed attorney" meant his trial counsel or habeas counsel. Additionally, as discussed below, Stewart's claim his habeas counsel abandoned him is insufficient to establish excusable neglect. Further, Stewart's claim he "was misled by the Court" is wholly conclusory, and he offered no facts or argument on why this prevented him from timely filing a motion to withdraw his plea.

The next problem with Stewart's argument is the fact he stated he "*recently* filed a K.S.A. 60-1507 [motion]." Stewart does not indicate the exact date the K.S.A. 60-1507 motion was filed; however, the fact he claims he filed it "recently" strongly supports a reasonable inference his motion would have been untimely even if it had been liberally construed as a motion to withdraw his plea. If Stewart had mistakenly filed a K.S.A. 60-1507 motion as an attempt to withdraw his plea within one year of sentencing, he would likely have a strong claim of excusable neglect, assuming, of course, he had in fact made reasonable attempts to contact habeas counsel and failed in doing so. But Stewart has not established his K.S.A. 60-1507 motion was otherwise timely filed. In short, even if habeas counsel's failure to respond regarding the status of the K.S.A. 60-1507 motion delayed Stewart's filing of the motion to withdraw his plea, Stewart has not established (1) the K.S.A. 60-1507 motion was timely filed or (2) a valid justification, i.e., excusable neglect, for filing an untimely K.S.A. 60-1507 motion.

Stewart did not assert a proper claim of excusable neglect before the district court. Even liberally construing his arguments about manifest injustice as actually relating to excusable neglect, Stewart did not establish the motion to withdraw his plea would have been timely but for habeas counsel's failure to respond. In other words, Stewart has not shown his substantive claim languished for several years as an improperly filed K.S.A. 60-1507 motion due to inaction or oversight by his habeas counsel or the district court. The district court did not err in summarily denying his untimely motion to withdraw his plea.

Affirmed.