NOT DESIGNATED FOR PUBLICATION

Nos. 123,732
123,733

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SAMUEL T. HALEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed April 15, 2022.
Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before HURST, P.J., GARDNER, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Samuel T. Haley appeals the district court's summary denial of his
postsentence motion to withdraw his plea in two cases. Having reviewed the record, we
find no error.

1

*Factual and Procedural Background*

In December 2014, the State charged Samuel T. Haley with theft of an automobile in Sedgwick County Case No. 14 CR 3198. In January 2015, the State charged Haley in Sedgwick County Case No. 15 CR 283 with (1) making false information; (2) driving while suspended; (3) speeding; and (4) refusing a preliminary breath test.

In July 2015, Haley pleaded guilty to certain charges in the two district court cases that this court consolidated for appeal purposes. In 14 CR 3198, Haley pleaded guilty to one count of theft of an automobile, a severity level 9 nonperson felony. In 15 CR 283, Haley pleaded guilty to one count each of making false information, a severity level 8 nonperson felony, and refusing a preliminary breath test, an infraction. The State dismissed the remaining charges in 15 CR 283 and agreed to recommend a 40-month sentence to the district court. The State also agreed that Haley could request a dispositional departure sentence of probation based on mitigating factors. The district court conducted a thorough plea colloquy with Haley and then accepted his guilty pleas.

After the plea hearing, Haley moved to modify his bond to an own recognizance bond to await sentencing. The district court granted that motion but noted that Haley must appear for his sentencing hearing in August 2015. Haley's plea agreement stated it would not bind the State to maintain the agreed-upon sentencing recommendation if Haley committed a new offense, violated his bond conditions, or failed to appear for a court appearance at any time before sentencing. It also stated the State's recommendation would apply only at the originally scheduled sentencing hearing. But Haley failed to appear for his sentencing hearing in August 2015.

When Haley reappeared in State custody in August 2016, he not only had failed to appear for the sentencing hearing as required by the plea agreement but had also obtained a new conviction in Oklahoma. The State argued both were a material change in

2

circumstances, so it was no longer bound to its plea agreement with Haley. The State told the district court that Haley's attorney agreed Haley had violated the plea agreement, that both parties were free to argue for their desired sentence, and that the parties had agreed to recommend a departure sentence of 12 months in jail.

Haley's attorney told the district court that Haley was not contesting the State's allegations that he had violated the plea agreement and that Haley had failed to appear for his sentencing hearing because he had been too optimistic that he could quickly handle his pending Oklahoma case.

The district court sentenced Haley in August 2016. It granted Haley's motion to depart, finding substantial and compelling mitigating factors to depart from the presumptive prison sentence. In 14 CR 3198, the district court sentenced Haley to 12 months in prison. In 15 CR 283, the district court sentenced Haley to 12 months in prison and fined him $100 for refusing the preliminary breath test. The district court ordered these sentences to run concurrently with one another, and concurrently to any other cases. Haley did not appeal.

Not until November 2020 did Haley file a pro se motion to withdraw his pleas, arguing his conviction for refusing a preliminary breath test, as proscribed in K.S.A. 2014 Supp. 8-1025, was found unconstitutional by the Kansas Supreme Court in *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016) (*Ryce I*). The *Ryce I* court stayed the issuance of the mandate at the request of the State, pending the United States Supreme Court's decision on challenges to similar statutes from Minnesota and North Dakota. After the United States Supreme Court issued its opinion in *Birchfield v. North Dakota*, 579 U.S. 438, 35 S. Ct. 2160, 195 L. Ed. 2d 560 (2016), the Kansas Supreme Court reheard *Ryce* and reaffirmed that K.S.A. 2016 Supp. 8-1025 was facially unconstitutional. *State v. Ryce*, 306 Kan. 682, 700, 396 P.3d 711 (2017) (*Ryce II*).

The State responded to Haley's motion to withdraw his pleas, arguing Haley's motion was time-barred under the statute and that his sentence was not illegal.

Haley filed a pro se addendum to his motion to withdraw in December 2020. In the addendum, he argued that the Kansas Supreme Court decided *Ryce I* in February 2016—after Haley pleaded guilty but six months before the district court sentenced him in August 2016. He argued he pleaded guilty to a crime over which the district court did not have jurisdiction because the unconstitutional statute was void. He also argued "colorable innocence."

Haley also replied that the district court should excuse any neglect on his part in failing to file his motion earlier because his appointed counsel was apparently unaware of *Ryce I,* filed in February 2016, and did not challenge Haley's plea on that basis before his sentencing in August 2016. Haley used this assertion to support his contention that his counsel had been incompetent in representing him. Haley also alleged he "was misled, coerced, mistreated, or unfairly taken advantage of," and that "the plea was not fairly and understanding[ly] made" because the State breached the plea agreement after Haley failed to appear for sentencing. And finally, Haley argued his sentence was not illegal but that "the entire statute, law, and conviction now, and then, are unconstitutionally void and invalid."

The district court set Haley's motion for a November 2020 hearing, then continued it because Haley got COVID-19, but it never held a hearing. Rather, it filed a Journal Entry in December 2020, summarily denying Haley's motion as untimely, and finding that a hearing would not materially help it resolve the motion. The district court first addressed the legality of Haley's sentence for the crime of refusing a preliminary breath test. It found his sentence valid under the rule that a sentence's legality is controlled by the law in effect when the sentence was pronounced. And because the Kansas Supreme Court had stayed the mandate in *Ryce I*, *Ryce I* was not final when Haley was

sentenced—the statute criminalizing the refusal was still constitutionally valid until the *Ryce II* decision became final in 2017, after Haley's sentence.

The district court then addressed Haley's motion to withdraw his pleas, filed over four years after Haley was sentenced. The district court found that the motion was filed after the one-year time limit in K.S.A. 2020 Supp. 22-3210, so under K.S.A. 2020 Supp. 22-3210(e)(2) Haley had to show excusable neglect. But Haley failed to do so by asserting that his trial counsel should have known of the deadline for filing a postsentence motion to withdraw plea, yet counsel failed to file a timely motion. The district court found that Haley did not claim to have asked his attorney to withdraw his plea. The district court also noted that it had granted Haley's motion for a downward durational departure and had sentenced Haley to a much shorter sentence than the one Haley had agreed to with the State, so he benefitted from his plea. So, absent a clear request from Haley, Haley's attorney was not ineffective for failing to timely move to withdraw his plea.

Finally, the district court found Haley failed to raise a substantial question of law or triable issue of fact on the question of excusable neglect. As a result, Haley failed to carry his burden of alleging facts adequate to warrant an evidentiary hearing, and he was not entitled to relief. Haley moved the district court to reconsider and make additional findings, which the district court denied.

Haley timely appealed and we consolidated Haley's appeals.

*Did the District Court Err in Summarily Denying Haley's Postsentence Motion to Withdraw His Plea?*

The sole issue on appeal is whether the district court erred in summarily denying Haley's postsentence motion to withdraw his plea.

*Standard of Review*

This court reviews a district court's summary denial of a postsentence motion to withdraw a plea de novo when, as here, no argument or evidentiary hearing was held. *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014). Summary denial is appropriate if there is no substantial question of law or triable issue of fact, and the files and records conclusively show the defendant is not entitled to relief on the motion. 298 Kan. at 969.

It is unclear whether Haley is still incarcerated for these crimes. But a district court has jurisdiction to consider a motion to set aside a plea even if a defendant files the motion after serving the sentence in full. *State v. Stough*, 273 Kan. 113, 116-19, 41 P.3d 281 (2002). But see K.S.A. 2020 Supp. 22-3210(e) (imposing one-year time limit on postsentence motions to withdraw plea). Because the district court had jurisdiction to review this issue, the panel does too under K.S.A. 2020 Supp. 22-3210(d). See *State v. Solomon*, 257 Kan. 212, 219, 891 P.2d 407 (1995).

Haley entered guilty pleas so we must consider K.S.A. 2020 Supp. 22-3602(a), which broadly prohibits an appeal "from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere." But the statute does not preclude an appeal from the district court's denial of a motion to withdraw a plea under K.S.A. 2020 Supp. 22-3210(d). See *State v. Smith*, 311 Kan. 109, 122, 456 P.3d 1004 (2020) (finding if a defendant moves to withdraw plea and district court denies that motion, "the Court of Appeals will have jurisdiction to consider an appeal from that denial"). We thus reach the merits of Haley's appeal.

*Applicable Law*

A defendant may file a postsentence motion to withdraw a guilty or no contest plea if doing so is necessary to correct a manifest injustice. K.S.A. 2020 Supp. 22-

6

3210(d)(2). But the defendant must bring this motion within one year of the final order or termination of Kansas appellate jurisdiction on a direct appeal or the denial or final order following the grant of a petition for writ of certiorari to the United States Supreme Court. K.S.A. 2020 Supp. 22-3210(e)(1). And the district court may only extend this time limit upon the defendant's additional, affirmative showing of excusable neglect to justify the late filing. K.S.A. 2020 Supp. 22-3210(e)(2).

But the first issue here is a procedural one—the motion must be timely. And an untimely movant must show excusable neglect justifying the late filing for the district court to extend the one-year time limit. See K.S.A. 2020 Supp. 22-3210(e)(2). The defendant bears the burden of alleging facts adequate to warrant a hearing, and "'mere conclusions . . . are not sufficient to raise a substantial issue of fact when no factual basis is alleged or appears from the record.'" *Kelly*, 298 Kan. at 969 (quoting *State v. Jackson*, 255 Kan. 455, 463, 874 P.2d 1138 [1994]). If a defendant makes no attempt at an affirmative showing of excusable neglect, the motion is untimely, and therefore procedurally barred. *State v. Parks*, 308 Kan. 39, 44, 417 P.3d 1070 (2018).

Ignorance of the statute's existence or other assertions of ignorance of the law does not constitute excusable neglect under K.S.A. 2020 Supp. 22-3210(e)(2). *State v. Davisson*, 303 Kan. 1062, 1070, 370 P.3d 423 (2016); see also *State v. Fox*, 310 Kan. 939, 943-44, 453 P.3d 329 (2019) (rejecting claim of excusable neglect based on denial of access to necessary legal materials). "Excusable neglect requires 'something more than unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind.'" *State v. Gonzalez*, 56 Kan. App. 2d 1225, 1229, 444 P.3d 362 (2019). "'Excusable neglect requires some justification for an error beyond mere carelessness or ignorance of the law on the part of the litigant or his attorney.'" *Davisson*, 303 Kan. at 1069 (quoting *Whitefish Credit Union v. Sherman*, 367 Mont. 103, 109, 289 P.3d 174 [2012]).

A panel of this court in *Gonzalez* defined excusable neglect as:

"'A failure—which the law will excuse—to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) not because of the par[t]y's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party.' Black's Law Dictionary 1133 (9th ed. 2009)." 56 Kan. App. 2d at 1229-30.

And the Kansas Supreme Court has held that the court must determine "whether a defendant has shown excusable neglect *before* reaching the question of whether manifest injustice requires that a defendant be permitted to withdraw a plea." *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). So first this court must determine whether the records and files conclusively show Haley is not entitled to relief. If this court finds the district court erred in not applying that exception to the one-year time limit, the district court would have to hold a hearing on the issue of manifest injustice. See *State v. Benavides*, 46 Kan. App. 2d 563, 569, 263 P.3d 863 (2011).

*Application*

Although Haley did not allege in his motions that his sentence was illegal, the district court addressed this issue first, noting that the *Ryce I* decision did not become final until the Kansas Supreme Court granted rehearing after the United States Supreme Court decision. And that rehearing, *Ryce II*, became final in 2017. Because this is an appeal based on denial of a motion to withdraw a plea, and not an appeal of a denial to correct an illegal sentence, this memorandum addresses only the motion to withdraw.

On appeal, Haley's brief focuses mainly on his argument that his attorney was incompetent for failing to advise him to withdraw his plea before sentencing. Haley points to the district court's concession that, had Haley filed a presentence motion to

withdraw his plea, the likelihood of the criminal statute to be found unconstitutional would have established "good cause" for the district court to allow Haley to withdraw his plea. Haley suggests this statement supports both his manifest injustice argument and his argument that he did not have competent counsel.

The State argues Haley fails to argue excusable neglect on appeal, which is why the district court summarily denied his motion as untimely. We agree. Aside from a conclusory sentence in the facts section of his brief on appeal suggesting his attorney is to blame for not filing the motion before his sentencing, Haley fails to establish or argue that excusable neglect justifies extending the one-year time limit. Generally, a point raised incidentally in a brief and not argued in it is considered waived or abandoned. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020). We find that Haley waived the argument.

But Haley's appeal fails for other reasons as well. As noted above, Haley's motion made only two arguments why excusable neglect justified his late filing. First, Haley argued his attorney was incompetent for failing to advise him to withdraw his plea before sentencing based on *Ryce I*. Haley argued his attorney's omission fell below the reasonable standard of competency by not recognizing the potential unconstitutionality of the preliminary breath refusal statute. Second, Haley argued that because of the COVID-19 global pandemic, the jail library had restricted his access, so he was unable to research his motion.

First, although Haley alleged ineffective assistance of counsel in his motion to withdraw, the district court could not review the "competent counsel" *Edgar* factor until it decided to extend the one-year time limit. See *Davis*, 313 Kan. at 248; *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). Additionally, Haley's incompetent counsel argument is unpersuasive because "excusable neglect" relates to Haley's failure to file within the one-year timeline *after the termination of appellate jurisdiction*. See K.S.A.

9

2020 Supp. 22-3210(e)(1). It does not relate to actions or inaction before his criminal case was final. So even if Haley's attorney were incompetent by not moving to withdraw his plea before sentencing, his failure to act before sentencing is immaterial to the reasons for not timely filing a postsentence motion to withdraw. As a result, Haley's first reason for excusable neglect is unpersuasive.

We are similarly unpersuaded by Haley's second reason, based on the COVID-19 global pandemic. Haley was sentenced in August 2016, so the one-year timeline for his motion expired in the fall of 2017, around two-and-one-half years *before* the COVID-19 global pandemic first spread across the United States.

Haley offered no other substantive explanation why he did not file within the statutory time limit. His argument to the district court that any neglect to file within the statutory timeline is due to his attorney's inaction also does not explain why his motion is untimely—which is the procedural hurdle Haley must overcome to get review under K.S.A. 2020 Supp. 22-3210(d)(2). See K.S.A. 2020 Supp. 22-3210(e)(2).

Haley's motion was untimely, and he failed to show that any exception to the one-year rule applied. Because Haley's motion was untimely, we cannot reach his arguments that relate to manifest injustice, including the factors in *Edgar*, 281 Kan. at 36 ([1] whether competent counsel represented the defendant; [2] whether the parties misled, coerced, mistreated, or unfairly took advantage of the defendant; and [3] whether the defendant fairly and understandingly entered the plea). See *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018). Nor do we address whether Haley has shown manifest injustice because of ineffective assistance of counsel, under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (asking [1] whether the attorney's performance fell below an objective standard of reasonableness, and [2] whether there is a reasonable probability that, but for the attorney's errors, the result of the proceedings would have been different). Nor do we reach Haley's argument that we

10

should also allow him to withdraw his plea to making a false information since that charge arose only because of his arrest for the now-unconstitutional crime of refusing to provide a preliminary breath test.

Haley failed to allege facts adequate to warrant an evidentiary hearing. He also failed to establish that excusable neglect justified his untimely postsentence motion. Because the motions, files, and records conclusively show Haley is not entitled to relief, the district court did not err by summarily denying his postsentence motion to withdraw his plea.

Affirmed.