IN THE SUPREME COURT OF THE STATE OF KANSAS

Nos. 115,321
115,322

STATE OF KANSAS,
*Appellee*,

v.

WESLEY A. SMITH JR.,
*Appellant*.

SYLLABUS BY THE COURT

1.

Under K.S.A. 22-3602(a), a Kansas appellate court does not have jurisdiction to review a defendant's conviction from a guilty or nolo contendere plea. K.S.A. 22-3602(a) makes clear that, regardless of this prohibition, a defendant may still file a motion in the district court in accordance with the directives outlined in K.S.A. 60-1507, and appellate courts have jurisdiction to review a defendant's appeal from a ruling on such a motion.

2.

One who pleads guilty or nolo contendere is not precluded by K.S.A. 22-3602(a) from taking a direct appeal from the sentence imposed.

3.

A defendant who pleaded guilty or nolo contendere may still move to withdraw the plea, and the Court of Appeals has jurisdiction to review a district court's denial of that motion.

1

Review of the judgment of the Court of Appeals in an unpublished opinion filed January 26, 2018. Appeal from Sedgwick District Court; TERRY L. PULLMAN and DAVID J. KAUFMAN, judges. Opinion filed January 31, 2020. Judgment of the Court of Appeals dismissing the appeal is affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Boyd K. Isherwood*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Wesley Smith pleaded guilty to refusing to submit to a test to determine the presence of alcohol or drugs and driving while a habitual violator. In a second case based on separate events, Smith again pleaded guilty to refusing to submit to a test to determine the presence of alcohol or drugs and driving under the influence. In a consolidated direct appeal to the Court of Appeals, Smith challenged his convictions, arguing that the district court lacked jurisdiction to render them. The Court of Appeals dismissed the appeal for lack of jurisdiction. We affirm.

FACTS AND PROCEDURAL HISTORY

In May 2014, in case 14CR1298 and in connection with events that occurred in September 2013, the State charged Smith with refusing to submit to a test to determine the presence of alcohol or drugs in violation of K.S.A. 2013 Supp. 8-1025, driving while a habitual violator, and failing to signal while turning. Smith filed a motion to dismiss the charge of refusal to submit to an alcohol or drug test, arguing that the statute criminalizing such conduct was unconstitutional. The district court denied the motion. Smith pleaded guilty to refusing to submit to an alcohol or drug test and driving while a

2

habitual violator and, in exchange, the State dismissed the charge for failing to signal while turning. The district court sentenced Smith to 12 months of jail time for the refusal to submit to testing conviction and a concurrent 12 months of jail time for the habitual violator conviction, to be followed by 12 months of postrelease supervision. The court also imposed a $2,500 fine for the refusal to submit to testing conviction and a $500 fine for the habitual violator conviction.

In January 2015, in case 15CR218 and in connection with events that occurred in April 2014, the State charged Smith with refusing to submit to a test to determine the presence of alcohol or drugs in violation of K.S.A. 2013 Supp. 8-1025, driving while a habitual violator, and driving on the left half of the roadway. Smith again filed a motion to dismiss the charge of refusal to submit to an alcohol or drug test, arguing that the statute criminalizing such conduct was unconstitutional. The district court denied the motion. Smith pleaded guilty to refusing to submit to an alcohol or drug test and driving under the influence and, in exchange, the State dismissed the remaining charges. The district judge sentenced Smith to 12 months in jail for each conviction and ordered the sentences to run concurrently. The district court also imposed a $2,500 fine for each conviction and ordered one year of postrelease supervision.

In November 2015, Smith appealed his convictions for refusing to submit to testing in both cases. The Court of Appeals allowed a late appeal of his first case and consolidated the two appeals into one.

On February 26, 2016, we issued an opinion in *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2107). There, we held that K.S.A. 2014 Supp. 8-1025—the statute that criminalized refusing to submit to testing for alcohol or drugs—was facially unconstitutional. 303 Kan. at 963. When Smith filed his appellate brief, he relied on *Ryce* to argue that the court should vacate his convictions.

3

The State moved for involuntary dismissal of Smith's appeal, arguing that the Court of Appeals lacked jurisdiction to consider a direct appeal from a guilty plea. Smith responded in opposition. Both parties submitted briefs.

After considering the parties' briefs, the Court of Appeals dismissed the appeal in an unpublished opinion, holding that it lacked jurisdiction to consider a direct appeal from a guilty plea. *State v. Smith*, No. 115,321, 2018 WL 559804 (Kan. App. 2018). We granted Smith's petition for review.

ANALYSIS

The Court of Appeals dismissed Smith's appeal without considering the merits of his claim—that his convictions should be vacated based on the holding in *Ryce*—after concluding that it lacked subject matter jurisdiction over the appeal. Smith argues the panel had jurisdiction to review his claim.

This court reviews questions of subject matter jurisdiction de novo. *Hill v. State*, 310 Kan. 490, 498, 448 P.3d 457 (2019). To the extent this question requires the interpretation of statutes, we apply a de novo analysis to that interpretation. *State v. LaPointe*, 309 Kan. 299, 312, 434 P.3d 850 (2019).

"'Subject matter jurisdiction is the power of the court to hear and decide a particular type of action.'" *State v. Dunn*, 304 Kan. 773, 784, 375 P.3d 332 (2016) (quoting *State v. Matzke*, 236 Kan. 833, 835, 696 P.2d 396 [1985]). The Kansas Constitution bestows subject matter jurisdiction upon Kansas courts. *Dunn*, 304 Kan. at 811.

4

The Kansas Constitution provides that "[t]he judicial power of this state shall be vested exclusively in one court of justice, which shall be divided into one supreme court, district courts, and such other courts as are provided by law." Kan. Const. art. 3, § 1. Pursuant to this provision, the Kansas Legislature created the Court of Appeals and bestowed power upon it "over appeals in civil and criminal cases . . . as may be prescribed by law." K.S.A. 20-3001. As a result of these constitutional and statutory provisions, the Kansas Court of Appeals "may exercise jurisdiction only under circumstances allowed by statute." *Flores Rentals v. Flores*, 283 Kan. 476, 481, 153 P.3d 523 (2007).

K.S.A. 22-3601 provides that "[a]ny appeal permitted to be taken from a district court's final judgment in a criminal case shall be taken to the court of appeals, except in those cases reviewable by law in the district court or in which a direct appeal to the supreme court is required." K.S.A. 2018 Supp. 22-3601(a). Thus, the Court of Appeals has jurisdiction to review criminal appeals that are "permitted to be taken from a district court's final judgment." K.S.A. 2018 Supp. 22-3601(a).

K.S.A. 22-3602 discusses what appeals are "permitted." It provides that "[n]o appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507, and amendments thereto." K.S.A. 2018 Supp. 22-3602(a).

This court has held that under this statute, the Court of Appeals is without jurisdiction to consider the direct appeal of a conviction when a defendant pleaded guilty. *State v. Hall*, 292 Kan. 862, 866, 257 P.3d 263 (2011). In this case, the Court of Appeals relied on this statutory scheme and the cases from this court to dismiss Smith's appeal for a lack of jurisdiction. *Smith*, 2018 WL 559804, at *3.

5

Smith avers that the Court of Appeals erred when it came to this conclusion because he is arguing that the district court lacked jurisdiction to convict him of a crime under an unconstitutional statute and K.S.A. 22-3602(a) explicitly allows for appeals based on jurisdictional grounds. He rests this contention on the language in the statute providing that "except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant." K.S.A. 2018 Supp. 22-3602(a).

Smith ignores the end of that sentence, which is "as provided in K.S.A. 60-1507 and amendments thereto." K.S.A. 2018 Supp. 22-3602(a). Thus, the full language of the statute prohibits appeals from a conviction after a guilty plea but still allows a defendant to challenge convictions based on jurisdiction or the legality of the proceedings "as provided in K.S.A. 60-1507." The ignored language creates some ambiguity that we must address.

The intent of the Legislature governs our interpretation of a statute. We give common language its ordinary meaning and turn to canons of construction and legislative history only when the language is ambiguous. *Midwest Crane & Rigging, LLC v. Kansas Corporation Comm'n*, 306 Kan. 845, 850, 397 P.3d 1205 (2017).

The language in K.S.A. 22-3602 is unclear. It prohibits jurisdiction in the Court of Appeals over an appeal from a guilty plea "*except* that jurisdictional or other grounds going to the legality of the proceedings may be raised . . . as provided in K.S.A. 60-1507." (Emphasis added.) K.S.A. 2018 Supp. 22-3602(a). The use of the word "except" suggests that the Court of Appeals lacks jurisdiction to review a direct appeal from a guilty plea in every situation other than those described in the language following the word "except." See Webster's New World College Dictionary 505 (5th ed. 2014) (defining "except" as "to take out"). At first blush, the language following the word

6

"except" seems to bestow jurisdiction in the Court of Appeals to review claims based on "jurisdictional or other grounds going to the legality of the proceedings . . . ." But the sentence continues, indicating that a defendant can raise those claims "*as provided in* K.S.A. 60-1507." (Emphasis added.) K.S.A. 2018 Supp. 22-3602(a). This additional language creates confusion because K.S.A. 60-1507 allows "[a] prisoner in custody . . . claiming the right to be released" to "move the court which imposed the sentence to vacate, set aside or correct the sentence," thus directing the defendant to file a motion in district court. K.S.A. 60-1507(a).

We see two ways to read K.S.A. 22-3602. First, it may be interpreted to create appellate jurisdiction over appeals from guilty or nolo contendere pleas as long as a defendant is challenging his or her conviction or sentence based on jurisdiction, the legality of the proceedings, or any of the claims that are permitted under K.S.A. 60-1507. Claims permitted under K.S.A. 60-1507 are those asserting that a conviction or sentence violates "the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." K.S.A. 2018 Supp. 60-1507(a); see also *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 1, 298 P.3d 349 (2013) (describing K.S.A. 60-1507 as remedy for attacking sentence or conviction).

There are problems with this construction. When construing a statute, we must "consider various provisions of an act in pari materia with a view of reconciling and bringing those provisions into workable harmony if possible." *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 918, 296 P.3d 1106 (2013) (citing *Southwestern Bell Tel. Co. v. Beachner Constr. Co.*, 289 Kan. 1262, 1270, 221 P.3d 588 [2009]). We construe those provisions "to avoid unreasonable or absurd results, and we presume the legislature does not intend to enact useless or meaningless legislation."

*Northern Natural Gas Co.*, 296 Kan. at 918 (citing *Southwestern Bell Tel. Co.*, 289 Kan. at 1269; *State v. Le*, 260 Kan. 845, 850, 926 P.2d 638 [1996]).

If we construe K.S.A. 22-3602(a) to allow appeals from a guilty or nolo contendere plea whenever a defendant challenges jurisdiction or the legality of the proceedings, or raises any of the permissible claims in K.S.A. 60-1507, we render meaningless some of the language in K.S.A. 22-3602. This statute explicitly prohibits appeals from guilty or nolo contendere pleas. But if the language that follows that prohibition allows appeals in each of the mentioned circumstances, we swallow up the prohibition. While challenges based on jurisdiction may be limited, challenges that rest on "the legality of the proceedings" or a conviction's vulnerability to "collateral attack" would, arguably, be much more commonplace.

Such a construction would also render meaningless the language in K.S.A. 22-3602(a) that specifically allows the defendant to raise challenges based on "jurisdictional . . . grounds." K.S.A. 60-1507(a) also specifically allows for challenges based on a claim that "the court was without jurisdiction." The first proposed construction makes one of these provisions useless.

The second way to read K.S.A. 22-3602 is as a statute prohibiting appeals from pleas but ensuring that "prisoner[s] in custody" are still able to file motions under K.S.A. 60-1507 in the district court and appeal rulings on that motion. K.S.A. 60-1507. We think this construction correctly captures the Legislature's intent.

This construction gives meaning to all of the language in both statutes. It prohibits direct appeals from guilty or nolo contendere pleas but it confirms that a defendant may still file a motion in district court under K.S.A. 60-1507 and appeal from a judge's ruling

8

on that motion. The slim legislative history surrounding K.S.A. 22-3602 is not particularly illuminating, but it does tend to support this construction.

Before 1970, the statute governing criminal appeals permitted "[a]n appeal to the supreme court . . . by the defendant as a matter of right from any judgment against him." K.S.A. 62-1701 (Corrick).

In 1970, the Legislature repealed this statute and enacted a new one. This new statute created the prohibition on appeals from guilty or nolo contendere pleas:

> "An appeal to the supreme court may be taken by the defendant as a matter of right from any judgment against him in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed, except:  No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or *nolo contendere:  Provided*, Jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K. S. A. 60-1507." K.S.A. 1970 Supp. 22-3601.

There is no helpful legislative history about this change. But in 1972, this court interpreted this provision to "expressly preclude[] appellate review in criminal cases where the defendant pled guilty after July 1, 1970," and it noted that issues raised by a defendant who pled guilty concerning his or her conviction could be "raised and adjudicated in a proceeding under K.S.A. 60-1507." *State v. Dunham*, 213 Kan. 469, 470-71, 517 P.2d 150 (1972); see also *State v. Mitchell*, 210 Kan. 470, 471, 502 P.2d 850 (1972) (statute "expressly precludes appeals by persons who plead guilty, remitting those who would assert claims like appellant's to their remedy under K.S.A. 60-1507").

In 1974, the Judicial Study Advisory Committee completed a report that described the judicial system and made recommendations for its review. This committee was

appointed by the Kansas Supreme Court Chief Justice pursuant to legislative authorization. Report of the Kansas Judicial Study Advisory Committee—Recommendations for Improving the Kansas Judicial System, p. 273 (1974). See 13 Washburn L.J. 271 (1974). When describing Kansas Supreme Court jurisdiction, the report stated:

> "Any defendant who has been convicted upon a plea of not guilty may appeal as a matter of right from any adverse judgment in the district court and upon appeal any decision or intermediate order may be reviewed. No appeal may be taken by a defendant who has pleaded guilty or *nolo contendere*, although such defendants may raise objections to the jurisdiction of the court or legality of the proceedings in *post conviction proceedings*." (Emphasis added.) Report of the Kansas Judicial Study Advisory Committee—Recommendations for Improving the Kansas Judicial System, p. 321.

The use of the descriptor "post conviction proceedings" indicates that the committee understood the statute to prohibit appeals from guilty or nolo contendere pleas and to make clear that 60-1507 motions filed in the district court were not affected by that prohibition. See Report of the Kansas Judicial Study Advisory Committee—Recommendations for Improving the Kansas Judicial System, p. 343 (describing "cases arising under K.S.A. 60-1507" as "post-conviction cases").

In 1975, the Legislature established the Kansas Court of Appeals and moved K.S.A. 22-3601 to K.S.A. 22-3602(a). The new K.S.A. 22-3602(a) directed criminal appeals to "the appellate court having jurisdiction of the appeal" rather than to "the supreme court," as the previous statute had. L. 1975, ch. 178, §§ 21-22. This statute was set to go into effect in 1977. Before it did, the Legislature amended the statute again. This amendment resulted in the use of the word "except" to describe the circumstances left out of the prohibition on appeals from guilty or nolo contendere pleas:

"An appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against said defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed, except that no appeal shall be taken by the defendant from a judgment of conviction before a district judge or associate district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507." K.S.A. 1977 Supp. 22-3602(a).

The original bill responsible for the 1977 amendments made no changes to K.S.A. 22-3602(a). A senate committee amended the original bill to make the changes that the Legislature eventually enacted. Professor Linda Elrod, who had worked on the bill with Judicial Council, testified during a hearing in the House Judiciary Committee about the original bill and the Senate's changes. The minutes state that Professor Elrod informed the committee the changes "simply make[] it clear that these kinds of matters go to the District Court before going to the Supreme Court." Hearing on S.B. 324 before the House Judiciary Committee, March 17, 1977 (minutes describing Professor Elrod's testimony).

It is hard to glean much from this testimony, but it at least suggests that the new use of the word "except" was not intended to change the substance of the statute. This leads us to believe that this court's earlier interpretation of the statute in 1972 was correct. Had the Legislature disagreed with this court's understanding that the statute prohibited appeals from guilty or nolo contendere pleas while clarifying that a defendant could still file a 60-1507 motion in district court, the Legislature could have changed the substance of the statute. Its decision not to do so, in light of the ambiguity in the statute and this court's interpretation of the statute, indicates agreement with this court's interpretation.

11

See *Dunham*, 213 Kan. at 470-71; *Mitchell*, 210 Kan. at 471; see also *State v. Spencer Gifts,* 304 Kan. 755, 765, 374 P.3d 680 (2016) (legislative acquiescence can be indicative of legislative intent).

Kansas appellate courts have continued to interpret the statute in this way, and the Legislature has not corrected us. In 1977, the newly created Kansas Court of Appeals held that it did not have jurisdiction of a defendant's appeal from a guilty plea, but that it would have "appellate jurisdiction as to the lower court's ruling on defendant's 60-1507 motion." *Esters v. State*, 1 Kan. App. 2d 503, 504, 571 P.2d 32 (1977). The Court of Appeals affirmed this interpretation recently in *State v. Graham*, No. 118,691, 2019 WL 1412594, at *5 (Kan. App. 2019) (unpublished opinion). There, a panel held that it did not have jurisdiction to consider the defendant's appeal from his conviction after the defendant pleaded guilty, even though the defendant argued he was challenging the legality of the underlying proceedings. But, the panel noted, the defendant "could pursue his claim in a K.S.A. 60-1507 motion, and he could appeal from any adverse ruling because appeals from K.S.A. 60-1507 proceedings are not subject to the jurisdictional bar at K.S.A. 2018 Supp. 22-3602(a)." 2019 WL 1412594, at *5.

We signaled our agreement with this interpretation in two recent cases. In *Hall*, a defendant appealed his conviction after pleading guilty, arguing that he had not been competent to plead guilty and that the judge had inadequately informed him of the maximum penalty. This court held that it did not have jurisdiction to consider his appeal. 292 Kan. at 866 (citing *State v. Campbell*, 273 Kan. 414, 424-25, 44 P.3d 349 [2002], which relied on K.S.A. 22-3602). This court explained that "[a] defendant cannot take a direct appeal from a conviction flowing from a guilty plea. The right to take such a direct appeal is one of the rights surrendered, usually in both a written plea agreement and in open court when the plea is entered." *Hall*, 292 Kan. at 866. This court pointed out that the defendant could have moved to withdraw his plea in the district court, and this court

would have had jurisdiction to review an appeal from a denial to withdraw a plea. But, this court held, a "guilty plea without a subsequent motion to withdraw in the district court deprives us of appellate jurisdiction." 292 Kan. at 867. And in *State v. Reu-El*, 306 Kan. 460, 478, 394 P.3d 884 (2017) (quoting K.S.A. 2016 Supp. 22-3602[a]), we described the exception in K.S.A. 22-3602(a) as one "that allows *collateral proceedings* going to 'the legality of the proceedings' even after a no contest plea." (Emphasis added.).

The Legislature has not amended K.S.A. 22-3602(a) in response to this longstanding interpretation of the statute. This acquiescence, along with the principles of construction described above, leads us to conclude that under K.S.A. 22-3602(a), Smith would have been free to challenge his convictions via a motion in the district court pursuant to K.S.A. 60-1507, but that the Court of Appeals did not have jurisdiction to hear his complaints in a direct appeal from his plea.

Smith also advances some alternative arguments. First, he contends that K.S.A. 22-3504 bestowed jurisdiction in the Court of Appeals to review his appeal because it allows a court to correct an illegal sentence at any time.

This argument carries no weight, because Smith is not challenging his sentence; he is challenging his conviction. If Smith were challenging his sentence, he would not need to rely on K.S.A. 22-3504. This court has held that "'one who pleads guilty or nolo contendere is not precluded by K.S.A. 22-3602 from taking a direct appeal *from the sentence imposed*.'" *State v. Marinelli*, 307 Kan. 768, 778, 415 P.3d 405 (2018) (quoting *State v. Harrold*, 239 Kan. 645, 649, 722 P.2d 563 [1986]). Because Smith challenges his conviction, not his sentence, this statute fails to establish appellate jurisdiction of his direct appeal.

13

Next, Smith argues that this court should adopt the holding of the United States Supreme Court in *Class v. United States*, 583 U.S.__, 138 S. Ct. 798, 200 L. Ed. 2d 37 (2018), and conclude that the Court of Appeals had jurisdiction to review his claim.

In *Class*, the defendant pleaded guilty to "'Possession of a Firearm on U. S. Capitol Grounds, in violation of 40 U.S.C. § 5104(e).'" 138 S. Ct. at 802. The defendant immediately appealed his conviction, arguing that the statute criminalizing such conduct was unconstitutional. The Court of Appeals for the District of Columbia Circuit held that the defendant had waived his claim by pleading guilty. The United States Supreme Court reversed, holding that a guilty plea, by itself, does not bar a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal. 138 S. Ct. at 805.

Smith argues that the same rule the Court announced in *Class* "must apply in Kansas." Smith fails to explain exactly why the rule must apply in Kansas, but it appears his argument is this: The *Class* Court came to its holding because a district court has no jurisdiction to convict a defendant based on an unconstitutional criminal statute. Because the same is true in Kansas—the district court has no jurisdiction to convict a defendant based on an unconstitutional criminal statute—the Kansas Court of Appeals must have jurisdiction to consider an appeal when the defendant challenges the constitutionality of the statute of conviction.

Smith's argument is unconvincing. He disregards the significant differences between the rules governing federal appellate jurisdiction and Kansas appellate jurisdiction. In doing so, he leaves out important points of the *Class* reasoning that make it inapplicable to Kansas law.

14

The United States Constitution vests "[t]he Judicial Power of the United States . . . in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. art. III, § 1. Thus, like in Kansas, appellate jurisdiction in the federal system is derived from statute.

28 U.S.C. § 1291 (2012) establishes the power of the federal Courts of Appeals. It provides:

"The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title."

In contrast to Kansas law, there is no explicit statutory bar to appealing a federal conviction after a guilty plea. But the United States Supreme Court has held that a guilty plea generally results in the *waiver* of the right to appeal a conviction. The Court has explained:

"A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court had no power to enter the conviction or impose the sentence." *United States v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989).

15

The Court based this rule on the nature of the guilty plea, not an explicit legislative directive. An admission of guilt, so long as it was knowing and voluntary, renders any inadequacies in the proceedings irrelevant. See *Menna v. New York*, 423 U.S. 61, 62 n.2, 96 S. Ct. 241, 46 L. Ed. 2d 195 (1975) ("A guilty plea . . . renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established.").

The *Class* Court acknowledged these principles before considering whether the defendant had waived his right to challenge his conviction on appeal based on an argument that his admitted conduct did not constitute a crime. After reviewing his plea agreement and concluding that he had not explicitly waived that right, the Court held that the defendant could make such a challenge on appeal. His claim did not "focus upon case-related constitutional defects that '"occurred prior to the entry of the guilty plea"'" and would have been "'irrelevant to the constitutional validity of the conviction.'" *Class*, 138 S. Ct. at 804-05 (quoting *Blackledge v. Perry*, 417 U.S. 21, 30, 94 S. Ct. 2098, 40 L. Ed. 2d. 628 [1974], and *Haring v. Prosise*, 462 U.S. 306, 321, 103 S. Ct. 2368, 76 L. Ed. 2d 595 [1983]). Rather, the defendant's claim "call[ed] into question the Government's power to '"constitutionally prosecute him."'" *Class*, 138 S. Ct. at 805 (quoting *Broce*, 488 U.S. at 575).

This description of *Class* and federal appellate jurisdiction shows that the reasoning in *Class* has no applicability in Kansas. Pursuant to statute, the Kansas Court of Appeals has no power to hear appeals from a conviction after a defendant pleads guilty. K.S.A. 22-3602(a). In contrast, federal appellate courts do have jurisdiction to hear appeals from a conviction after a defendant pleads guilty or nolo contendere. They generally do not hear these appeals, but only because the defendant has implicitly waived most of his or her potential arguments—not because the court has no power to do so.

16

In Kansas, there is an explicit statutory rule prohibiting appellate review of a conviction when a defendant pleads guilty. We cannot adopt the *Class* reasoning in Kansas so long as this statutory bar to appellate jurisdiction exists. Smith's argument fails.

Finally, Smith argues that the Court of Appeals has jurisdiction to consider his appeal because a conviction based on activity that is not a crime is void, and courts have no power to leave a void judgment in place.

Smith rests this argument on some legal truth. In 1903, the Kansas Supreme Court observed that "an unconstitutional law is a nullity—is no law at all—and . . . a conviction under it is not merely erroneous, but void, and subject to collateral attack upon *habeas corpus*." *In re Jarvis*, 66 Kan. 329, 331, 71 P. 576 (1903). It has also noted that "'[a] conviction in a court that lacks jurisdiction is void.'" *State v. Elliott*, 281 Kan. 583, 585, 133 P.3d 1253 (2006).

General considerations for justice suggest that there must be some way to vacate a void conviction. Smith insists that the way to do this is through the direct appeal. But Smith has not offered any persuasive support for this assertion. He simply argues that a court has "no power to leave the conviction in place." Appellate jurisdiction does not work this way; it is entirely statutory, thus requiring an explicit grant of power in an appellate court. As we have discussed, there is no appellate jurisdiction when a defendant pleaded guilty. This result is unsettling, because it suggests there is no way to vacate a void conviction.

But Smith has two possible avenues for seeking relief in his case. While he was serving his sentence, he could have filed a motion in the district court under K.S.A. 60-1507. Because he is no longer serving his sentence, this avenue is foreclosed to him. See

*Mundy v. State*, 307 Kan. 280, 286, 408 P.3d 965 (2018) (court has subject matter jurisdiction to consider motion under 60-1507 only when motion filed by prisoner in custody). However, a second avenue is still available to Smith—he can move to withdraw his plea. K.S.A. 2018 Supp. 22-3210(d)(2) allows a court to "set aside the judgment of conviction and permit the defendant to withdraw the plea" after sentence to "correct manifest injustice." If Smith files a motion to withdraw his plea, and the district court denies the motion, the Court of Appeals will have jurisdiction to consider an appeal from that denial. See *State v. Solomon*, 257 Kan. 212, 219, 891 P.2d 407 (1995).

None of Smith's arguments convince us that the Court of Appeals erred when it dismissed his appeal for lack of jurisdiction. K.S.A. 22-3602(a) explicitly provides that a defendant cannot appeal a conviction after pleading guilty. K.S.A. 22-3504 allows appeals of sentences, not convictions, and the federal caselaw allowing for direct appeals after guilty pleas in certain situations is inapplicable here. Finally, Smith's convictions may be challenged in other ways, so notions of justice do not demand appellate jurisdiction.

The Court of Appeals is affirmed.

MICHAEL J. MALONE, District Judge Retired, assigned.[1]

---

[1]**REPORTER'S NOTE:** Retired District Judge Malone was appointed to hear case Nos. 115,321 and 115,322 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court by the retirement of Justice Lee A. Johnson.