NOT DESIGNATED FOR PUBLICATION

No. 122,279

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYRONE L. GOODRIDGE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed October 30, 2020. Affirmed.

*Chris Biggs*, of Knopp and Biggs, P.A., of Manhattan, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and WALKER, S.J.

PER CURIAM: In this direct sentencing appeal, Tyrone L. Goodridge argues that the original journal entry of sentencing, which erroneously memorialized his criminal history score as I, controls over the district court's oral pronouncement from the bench at the sentencing hearing that his criminal history score was D. He also contends that the district court lacked authority to later file a corrected journal entry. As a result, Goodridge claims that his sentence—calculated using the criminal history score D—is illegal. We disagree with Goodridge's claims and affirm the district court's judgment.

1

FACTS

In March 2017, Goodridge pled no contest to one count of possession of methamphetamine with intent to distribute within 1,000 feet of a school, a drug severity level 1 felony, and one count of conspiracy to distribute methamphetamine within 1,000 feet of a school, a drug severity level 2 felony. At the sentencing hearing on May 30, 2017, the district court found that Goodridge's criminal history score for his primary crime of conviction, possession with intent to distribute, was D. Based on that criminal history score, the presumptive sentence for Goodridge's primary crime of conviction was 161-170-179 months' imprisonment. After denying Goodridge's motion for a departure sentence, the district court sentenced him to 161 months' imprisonment for possession with intent to distribute and a concurrent 86-month sentence for conspiracy to distribute. Goodridge timely appealed, but his appeal was not docketed until January 6, 2020.

Meanwhile, on June 5, 2017, the district court filed its journal entry of judgment, which erroneously reflected that Goodridge's "Overall Criminal History Classification" was I. On December 10, 2019, the district court filed an amended journal entry of judgment, correcting the criminal history score to D.

ANALYSIS

On appeal, Goodridge concedes that the original journal entry's record of I as the criminal history score for purposes of his primary crime of conviction was inaccurate. But he argues that this error is binding and renders his current sentence illegal because it was calculated based on a criminal history score of D. He also contends that the amended journal entry in December 2019 correcting the error was unauthorized under K.S.A. 2019 Supp. 21-6820(i) because it was filed more than 90 days after the entry of judgment.

The State responds that a sentence is effective when pronounced in court and is not rendered illegal by conflicting information in a journal entry. The State asserts that the incorrect criminal history score in the original journal entry was a clerical mistake that the State could correct at any time under K.S.A. 2019 Supp. 22-3504(b).

This appeal causes us to examine the meaning of two similar statutes: K.S.A. 2019 Supp. 22-3504(b) and K.S.A. 2019 Supp. 21-6820(i). We exercise unlimited review over issues involving the legality of a sentence, the calculation of criminal history scores, and statutory interpretation. *State v. Williams*, 311 Kan. 88, 94, 456 P.3d 540 (2020).

Goodridge first argues that under K.S.A. 2019 Supp. 21-6820(i), the district court lacked authority to file the amended journal entry in December 2019. K.S.A. 2019 Supp. 21-6820(i) provides: "The sentencing court shall retain authority irrespective of any notice of appeal for 90 days after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors." Goodridge reads this statute to mean that a district court may not correct clerical errors in a journal entry more than 90 days after the entry of judgment.

The State responds that under K.S.A. 2019 Supp. 22-3504(b), it could file the amended journal entry correcting the criminal history score at any time. K.S.A. 2019 Supp. 22-3504(b) provides: "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Although Goodridge acknowledges K.S.A. 2019 Supp. 22-3504(b), he argues that K.S.A. 2019 Supp. 21-6820(i) controls because it is the more specific statute.

"'When a conflict exists between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of that subject, the specific statute controls, unless it appears that the legislature intended to make the general act

3

controlling.'" *State v. Kinder*, 307 Kan. 237, 241, 408 P.3d 114 (2018). Goodridge argues that K.S.A. 2019 Supp. 21-6820(i) is "more specific to this case as the notice of appeal had been filed 2 years prior to the attempted amendment." But the State argues that the statutes do not conflict, so there is no need to determine which statute controls.

"The intent of the Legislature governs our interpretation of a statute. We give common language its ordinary meaning and turn to canons of construction and legislative history only when the language is ambiguous." *State v. Smith*, 311 Kan. 109, 113, 456 P.3d 1004 (2020). Under the plain language of the statutes, K.S.A. 2019 Supp. 21-6820(i) allows a district court, in the first 90 days after entry of judgment, to *modify a judgment and sentence* to correct any arithmetic or clerical errors, while K.S.A. 2019 Supp. 22-3504(b) allows a district court to *correct clerical mistakes* in judgments at any time.

The verb "modify" means "[t]o make somewhat different; to make small changes to (something) by way of improvement." Black's Law Dictionary 1203 (11th ed. 2019). Thus, under the plain language of the statutes, K.S.A. 2019 Supp. 21-6820(i) applies if the clerical or arithmetic error means that the sentence or judgment must be changed, while K.S.A. 2019 Supp. 22-3504(b) applies if the clerical error merely requires correction. To put it simply, the statutes do not conflict, they simply address different scenarios.

We will try to explain the application of the statutes with an example. In our hypothetical, the district court sentences a defendant in court to 50 months' imprisonment on Count I and a consecutive term of 40 months' imprisonment on Count II, *for a controlling term of 100 months' imprisonment.* That would be an arithmetic error that affected the term of the defendant's sentence. Under K.S.A. 2019 Supp. 21-6820(i), the district court would retain authority irrespective of any notice of appeal for 90 days after the entry of judgment *to modify the sentence* to correct the error. But in Goodridge's case,

the mistake with the criminal history score was merely a clerical error that could be corrected at any time under K.S.A. 2019 Supp. 22-3504(b).

Although this seems a fine point to parse, it is important because the amended journal entry here did not modify Goodridge's sentence. His sentence has remained the same since the district court pronounced it at the sentencing hearing. Contrary to Goodridge's assertion that the original journal entry changed his sentence, it is well established that "[d]uring sentencing, the judge's oral pronouncement is controlling, not the journal entry. Thus, any journal entry variance from a judge's oral pronouncement during sentencing is a clerical error that may be corrected at any time. [Citations omitted.]" *State v. Edwards*, 309 Kan. 830, 835-36, 440 P.3d 557 (2019).

It is also well established that under K.S.A. 2019 Supp. 22-3504(b), district courts may file a "nunc pro tunc order to correct a clerical error." *State v. Smith*, 309 Kan. 977, 982, 441 P.3d 1041 (2019). "'The purpose of a nunc pro tunc order is to provide a means of entering the actual judgment of the trial court which for one reason or another was not properly recorded. The right to make the order is based on the failure to accurately record the court's decision.'" 309 Kan. at 986-87. The amended journal entry here entered the actual judgment of the district court that was not properly recorded and served as a proper nunc pro tunc order. Contrary to Goodridge's assertion, it does not matter whether the words "nunc pro tunc" appeared on the amended journal entry.

At the sentencing hearing, the district court found that the criminal history score for Goodridge's primary crime of conviction was D and calculated his sentence of 161 months' imprisonment according to that criminal history score. Goodridge does not argue that this calculation was incorrect. The indication in the original journal entry of judgment that the criminal history score for Goodridge's primary crime of conviction was I merely constituted a clerical error that may be corrected at any time. The error did not modify Goodridge's sentence, nor did the 2019 amended journal entry attempt to modify

his sentence—it merely corrected the clerical error so that the operative journal entry reflected the sentence pronounced, as allowed under K.S.A. 2019 Supp. 22-3504(b).

In summary, a clerical error in a journal entry does not alter the sentence pronounced from the bench, nor is a district court bound by such an error. To the contrary, K.S.A. 2019 Supp. 22-3504(b) allows district courts to correct such an error at any time. The district court here did not err by filing an amended journal entry that accurately reflected the criminal history score. Goodridge's sentence remains as it was pronounced at the sentencing hearing, with the sentence for his primary crime of conviction calculated based on a criminal history score of D. Because Goodridge's illegal sentence argument hinges on his incorrect contention that the original, inaccurate journal entry requires the sentence for his primary crime of conviction to be calculated using a criminal history score of I, his illegal sentence argument also necessarily fails.

Affirmed.