NOT DESIGNATED FOR PUBLICATION

No. 122,849

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEPHEN S. RIOS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; JASON GEIER, judge. Opinion filed August 27, 2021.
Appeal dismissed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., HILL and CLINE, JJ.

PER CURIAM: The Shawnee County District Court found Defendant Steven S. Rios guilty of misdemeanor criminal damage to property upon his no-contest plea to that charge. Rios has appealed the conviction, claiming he was confused about the sentence he would likely receive. Because Rios did not file a motion in the district court to withdraw his plea, we have no jurisdiction to hear his claim, and we, therefore, dismiss this appeal.

In October 2019, the State charged Rios with misdemeanor domestic battery and misdemeanor criminal damage to property. Through his lawyer, Rios worked out an

1

agreement under which he would plead no contest to the criminal damage charge and the State would dismiss the domestic battery charge with a recommendation for a sentence of 30 days in jail. Under the arrangement, Rios would be entitled to credit against the 30-day sentence for the time he had already spent in jail. Rios faced a potential sentence of up to six months in jail. See K.S.A. 2019 Supp. 21-5813(c)(3) (criminal damage of less than $1,000 punished as class B misdemeanor); K.S.A. 2019 Supp. 21-6602(a)(2) (sentence class B misdemeanor not to exceed six months).

The district court held a combined plea and sentencing hearing in November 2019. After accepting Rios' plea and adjudging him guilty, the district court imposed a 30-day sentence with credit for time served, consistent with the agreement. During the hearing, Rios' lawyer indicated he believed Rios had 25 days of jail time credit. The district court, however, determined Rios was entitled to an 18-day reduction of the sentence and entered an order accordingly.

Rios has appealed and asks us to set aside his plea on the grounds he was improperly advised of the sentence he might receive. A criminal defendant may file a motion with the district court to withdraw a plea of guilty or no contest under K.S.A. 2020 Supp. 22-3210(d). Rios did not file a motion to withdraw his plea. In the absence of a motion and a ruling of the district court denying relief, we have no authority to consider this appeal.

We lack jurisdiction to consider an appeal from a judgment of conviction upon a plea of guilty or no contest. K.S.A. 2020 Supp. 22-3602(a); *State v. Hall*, 292 Kan. 862, 867, 257 P.3d 263 (2011) (holding a "guilty plea without a subsequent motion to withdraw in the district court deprives us of appellate jurisdiction"). A defendant can avoid that jurisdictional bar by filing a motion to withdraw the plea. We may then review the district court's denial of the motion. *State v. Smith*, 311 Kan. 109, 122, 456 P.3d 1004

(2020) (where district court denies defendant's motion to withdraw plea, "the Court of Appeals will have jurisdiction to consider an appeal from that denial").

In short, Rios did not procedurally preserve any claim he might have for withdrawing his plea because he failed to present it to the district court. We lack jurisdiction to take up his claim now.

Appeal dismissed.