NOT DESIGNATED FOR PUBLICATION

Nos. 123,665
123,666

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN K. BURKE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed December 17, 2021. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and POWELL, JJ.

PER CURIAM: Steven K. Burke appeals from the district court's order revoking his probation and imposing the underlying sentence in case No. 17CR2723 (case 1) and from his sentence in case No. 19CR2933 (case 2). We granted Burke's motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State responded, asserting the district court's decision to revoke probation was not an abuse of discretion and that this court lacks jurisdiction to review his sentencing challenge because it resulted from a plea agreement. Finding no error, we affirm in part and dismiss in part for the reasons set forth below.

1

In December 2017, Burke entered a guilty plea in case 1 to one count of distribution of methamphetamine, a felony. In January 2018, the district court sentenced him to 105 months in prison but granted a dispositional departure to 36 months of probation.

In August 2018, Burke's intensive supervision officer (ISO) alleged he committed several probation violations by committing new crimes, including possession of marijuana and methamphetamine, and a traffic infraction. Burke stipulated to these violations at a hearing in October 2018, and the district court imposed a 60-day jail sanction as well as ordering Burke to complete a residential community corrections program as a modified condition of probation.

In April 2019, Burke's ISO alleged he committed additional violations of probation by committing traffic infractions and consuming methamphetamine and marijuana. Burke stipulated to these violations and the district court imposed another 60-day jail sanction, with potential for an early release to a residential community corrections program and entry into a sober living environment as modified conditions of probation.

In July 2019, Burke's ISO alleged he violated his probation again by testing positive for methamphetamine and for committing the new crime of aggravated escape from custody. In October 2019, the State formally charged Burke in case 2 with aggravated escape from custody, a felony.

In October 2020, Burke entered a guilty plea in case 2, acknowledging in the plea agreement that this would constitute a probation violation in case 1. The parties agreed to recommend the mid number in the appropriate guidelines grid box—in this case 14

months in prison—and that the sentence would run consecutive to all prior cases, including the underlying sentence in case 1. At a hearing in December 2020, the district court sentenced Burke to 14 months in prison in case 2, then revoked his probation in case 1 and imposed the underlying 105-month prison sentence.

Burke timely appeals.

ANALYSIS

Burke raises two issues in this appeal: (1) whether the district court's revocation of his probation in case 1 was an abuse of discretion; and (2) whether the district court erred in sentencing him in case 2.

*The district court did not abuse its discretion in revoking probation and imposing the underlying sentence in case 1.*

Burke argues first that the district court abused its discretion by revoking his probation and imposing the underlying sentence in case 1.

As he recognizes, however, once a violation is established, the decision to revoke probation rests within the sound discretion of the district court. See *State v. Dunham*, 58 Kan. App. 2d 519, 528-29, 472 P.3d 604 (2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Burke bears the burden of showing an abuse of discretion. See *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019).

3

Burke does not challenge the alleged probation violations in this appeal, which he stipulated to below. Similarly, beyond stating the district court abused its discretion, Burke does not point to any errors of fact or law in the court's decision.

Although he does not reference it in his motion, the district court's authority to revoke probation in this case is controlled by K.S.A. 2016 Supp. 22-3716. According to that statute, the district court needed to impose a series of graduated intermediate sanctions before revoking probation, subject to certain exceptions. K.S.A. 2016 Supp. 22-3716(c). One exception allows the district court to revoke probation without intermediate sanctions if an offender commits a new felony or misdemeanor while on probation. K.S.A. 2016 Supp. 22-3716(c)(8)(A).

Burke concedes that the district court had the legal authority to revoke his probation because he committed a new crime—in particular, aggravated escape from custody in case 2—while on probation in case 1. By entering a guilty plea to this charge, Burke acknowledged that he would be in violation of his probation in the other case, so he would have invited any error in revoking probation. See *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014) ("In general, when a defendant has invited error, he or she cannot complain of the error on appeal.").

Even so, Burke fails to persuade us that the district court abused its discretion in revoking his probation in case 1 and imposing the underlying sentence. Notably, after the district court departed from his presumptive prison sentence and granted probation, Burke continued committing new crimes and violated probation by possessing and consuming illegal drugs. Although Burke had already served two 60-day jail sanctions and completed modified treatment programs, the district court did not have to impose any sanctions before revoking his probation. Based on the record before us, we conclude the district court did not abuse its discretion in case 1.

4

*We lack jurisdiction to consider Burke's appeal in case 2.*

Burke next challenges the sentence imposed in case 2 but offers no further explanation of how the district court erred. Based on the record, Burke seems to be challenging the application of a special sentencing rule that allowed the district court to impose a prison sentence instead of the presumptive probation applicable to his conviction.

Burke freely acknowledges that Kansas law does not allow us to review "[a]ny sentence that is within the presumptive sentence for the crime." K.S.A. 2020 Supp. 21-6820(c)(1); see also *State v. Huerta*, 291 Kan. 831, 837, 247 P.3d 1043 (2011) (appellate courts lack jurisdiction to review presumptive sentence "even if they result from partiality, prejudice, oppression, or corrupt motive"). Similarly, Kansas law prohibits an appeal of "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." K.S.A. 2020 Supp. 21-6820(c)(2); see also K.S.A. 2020 Supp. 22-3602(a) ("No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere . . . ."); *State v. Smith*, 311 Kan. 109, 122, 456 P.3d 1004 (2020) (stating if defendant moves to withdraw plea and district court denies that motion, "the Court of Appeals will have jurisdiction to consider an appeal from that denial").

Here, Burke entered a guilty plea and was convicted of aggravated escape from custody, which is a felony. Although he would normally qualify for presumptive probation for that offense based on his criminal history, the parties agreed to recommend the application of a special rule. In particular, the district court had discretion to impose a prison sentence instead of probation because Burke committed the crime while on probation for another felony. K.S.A. 2019 Supp. 21-6604(f)(1). The statute creating this rule specifically states that "[i]n this event, imposition of a prison sentence for the new crime does not constitute a departure." K.S.A. 2019 Supp. 21-6604(f)(1). The district

5

court followed this rule, sentencing Burke to 14 months in prison and ran the sentence consecutive to his underlying sentence in the probation case.

Thus, the prison sentence imposed by the district court here was a presumptive sentence under Kansas law, as well as a sentence agreed upon by the parties in Burke's plea agreement and approved on the record. Likewise, at no point has Burke indicated a desire to withdraw his plea. For these reasons, we must dismiss Burke's sentencing challenge in case 2 for lack of appellate jurisdiction.

Affirmed in part and dismissed in part.