NOT DESIGNATED FOR PUBLICATION

No. 126,868

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AUSTIN JACOB VICKNAIR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Submitted without oral argument. Opinion filed January 23, 2026. Sentence vacated and remanded with directions.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Carolyn A. Smith*, assistant deputy district attorney, *Mike Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., COBLE, J., and SEAN M.A. HATFIELD, District Judge, assigned.

PER CURIAM: Austin Vicknair pleaded guilty to battery of a correctional officer and was sentenced to 114 months' imprisonment and 24 months' postrelease supervision. At sentencing, the district court included a prior criminal threat conviction in Vicknair's criminal history score calculation without objection by either party. Vicknair now appeals, arguing the district court erred in determining his criminal history score and that his Sixth Amendment right to counsel was violated when the district court failed to conduct a proper inquiry into his defense counsel's potential conflict. For the reasons explained below, we vacate Vicknair's sentence and remand the case for further

1

proceedings to allow the district court to examine his criminal history score. Given this remand, we decline to reach his alternative argument regarding the denial of conflict-free counsel.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 7, 2022, a fight broke out at the Shawnee County Department of Corrections between four inmates. When a corrections officer tried to intervene, Vicknair threw a lunch tray "in an attempt to hit [another inmate] but instead hit [the officer] just above his right eye." In March 2023, the State charged Vicknair with one count of battery against a city or county correctional officer, a level five person felony. At the time, Vicknair was defending charges in a different Shawnee County case for which Gary Conwell was his appointed counsel.

In March 2023, at the first appearance in this battery case, Vicknair told the court that he did not want Conwell to represent him in this case and had already filed a motion arguing for the lawyer's removal in his other case. Vicknair told the court that he believed Conwell was distracted by caring for his dying wife and he could not adequately represent Vicknair. The court appointed Conwell over Vicknair's objection and told Vicknair that a different judge would hear his motion for new counsel.

Later that month, Vicknair filed a pro se motion requesting new counsel in this case. The title page of the motion bears no case number, but the current case No. "2023 CR 485" appears at the top of the file-stamped page. In the motion Vicknair argued that, in his other pending case, Conwell had not met with Vicknair nor provided him with any discovery, and that Conwell had continued a pretrial conference without Vicknair's knowledge. Vicknair expressed his sympathy for Conwell's family's situation but argued that it interfered with his Sixth Amendment right to counsel under the United States Constitution.

2

Before his motion could be heard, on April 20, 2023, Vicknair appeared with Conwell for a plea hearing. The district court called all Vicknair's pending cases—four in total—including this one. The court clarified that the parties were there for a plea which would resolve all Vicknair's pending cases and then asked Vicknair several questions related to the plea. In response to the questions, Vicknair agreed that he had had enough time to communicate with counsel and that he was satisfied with his attorney's advice. In the plea agreement, Vicknair pleaded guilty to the battery charge in this case in exchange for dismissal of the three other cases.

At sentencing, Conwell repeated the arguments made in an earlier motion for downward departure, focusing on Vicknair's repeated apologies to the officer. Neither Vicknair nor Conwell disputed the presentence investigation (PSI) report's criminal history score of B. That criminal history included a criminal threat conviction from 2016 under K.S.A. 21-5415(a)(1) along with an earlier burglary conviction. Vicknair spoke to the court at sentencing, asking for leniency because he did not intend to hurt the officer and accepted responsibility for his actions.

The district court did not find that Vicknair's reasons were sufficient to support a departure from the sentencing guidelines and sentenced Vicknair to 114 months in prison and 24 months of postrelease supervision.

Vicknair appeals.

WE CANNOT DETERMINE WHETHER THE DISTRICT COURT ERRED IN CALCULATING VICKNAIR'S CRIMINAL HISTORY BY INCLUDING A PRIOR CRIMINAL THREAT CONVICTION

Vicknair argues that the sentence imposed by the district court is illegal because it includes a criminal threat conviction under a statute ruled partially unconstitutional. Vicknair argues that his criminal history score was too high because under K.S.A. 21-

3

6810(d)(9), convictions arising under statutes that have been found unconstitutional by an appellate court cannot be used in criminal history score calculations. Thus, Vicknair argues that his criminal threat conviction should not have been counted because in 2019, the Kansas Supreme Court ruled the statute, K.S.A. 21-5415(a), partially unconstitutional.

*Preservation and Review*

When a defendant does not object to the criminal history score during sentencing, they may still challenge the "classification of a prior adjudication for purposes of lowering his criminal history score" for the first time on appeal under K.S.A. 22-3504(a). *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). Under K.S.A. 22-3504(a), "[t]he court may correct an illegal sentence at any time while the defendant is serving such sentence." An illegal sentence is one "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision . . . ; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 22-3504(c)(1).

Vicknair is also allowed to challenge his criminal history for the first time on appeal under K.S.A. 21-6814(d). Vicknair concedes that while he did not admit his score, he also did not object to the criminal history calculation during sentencing. Because these statutes permit his challenge for the first time on appeal, we may reach the issue regardless of preservation.

Generally, classifying prior offenses for criminal history calculation requires interpretation of the revised Kansas Sentencing Guidelines Act. *State v. Ewing*, 310 Kan. 348, 351, 446 P.3d 463 (2019). Issues of statutory interpretation and claims involving illegal sentences raise questions of law over which appellate courts exercise unlimited review. *State v. Smith*, 320 Kan. 62, 90, 563 P.3d 697 (2025).

4

*A criminal history score cannot include a reckless criminal threat conviction.*

In 2019, the Kansas Supreme Court held that "[t]he portion of K.S.A. 2018 Supp. 21-5415(a)(1) allowing for a conviction if a threat of violence is made in reckless disregard for causing fear is unconstitutionally overbroad . . . ." *State v. Boettger*, 310 Kan. 800, Syl. ¶ 3, 450 P.3d 805 (2019). Since then, the United States Supreme Court decided *Counterman v. Colorado*, 600 U.S. 66, 69, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023), and held that "a mental state of recklessness is sufficient" to prove that the speaker had a subjective understanding that his communications were true threats, making those threats outside the bounds of First Amendment protection.

After briefing was complete, both parties pointed to our Supreme Court's ruling in *Smith* as authority for this issue under Supreme Court Rule 6.09 (2025 Kan. S. Ct. R. at 40). In *Smith*, the defendant was convicted of several crimes in connection with a home invasion and murder, and at sentencing, he objected to the court's inclusion of a 2003 criminal threat conviction in the criminal history score. To decide this question, the Supreme Court interpreted K.S.A. 21-6810(d)(9)—the same statute Vicknair argues supports his position in this case.

K.S.A. 21-6810(d)(9) states: "Prior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes." The *Smith* court explained that a "'literal reading' of K.S.A. 21-6810(d)(9) implies that reckless criminal threat convictions can *never* be included in a criminal history score 'because *at one point in time*, the Kansas Supreme Court determined that the reckless criminal threat statute violated the First Amendment.'" (Emphases added.) 320 Kan. at 90. The *Smith* court noted that *Boettger* rendered unconstitutional the portions of both K.S.A. 2018 Supp. 21-5415 and K.S.A. 2003 Supp. 21-3419 that criminalized, "*reckless* criminal threat." (Emphasis added.) *Smith*, 320 Kan. at 91.

Vicknair was previously convicted of criminal threat under K.S.A. 21-5415(a)(1). The State argues that the United States Supreme Court's decision in *Counterman* effectively overrules any case that previously held reckless criminal threats unconstitutional. But the Kansas Supreme Court in *Smith* stated that the "Legislature's direction was clear," that once a criminal statute has been deemed unconstitutional, convictions arising out of it cannot be counted in a criminal history score even if that statute may have been deemed constitutional sometime later. 320 Kan. at 91. "Nothing in the plain language of the statute qualifies this limitation by considering *subsequent repudiations* of an appellate court's holding that a statute is unconstitutional." 320 Kan. at 91. "K.S.A. 21-6810(d)(9) . . . asks *only* whether an appellate court 'has since' ruled the statute unconstitutional—not whether that holding remains good law." 320 Kan. at 91. So, applying *Smith*, the decision in *Boettger* forever bars reckless criminal threat convictions from being counted in a criminal history score. That said, if the prior criminal threat conviction was under the intentional portion of the statute, which remained constitutional after *Boettger*, it may properly be included in the offender's criminal history score.

*Vicknair raises a reasonable question.*

The difficulty with the criminal threat statute in the context of a PSI report is that it combines both intentional and reckless threats into a single subsection, K.S.A. 21-5414(a)(1). This makes it impossible for the sentencing court to discern from the PSI report alone whether a prior criminal threat conviction was for a "constitutional" intentional threat or the "unconstitutional" reckless threat.

When an offender challenges their criminal history for the first time on appeal, the burden lands squarely on that offender to designate a record that shows prejudicial error, or the appellate court shall dismiss the appeal. K.S.A. 21-6814(d). The offender can provide journal entries of the challenged convictions to show prejudicial error, and the

6

State can provide journal entries to show a lack of prejudicial error. K.S.A. 21-6814(d). In addition, K.S.A. 21-6814(d) allows an offender to produce a limited list of documents to meet their burden, allowing the court to "take judicial notice of such journal entries, complaints, plea agreements, jury instructions and verdict forms for Kansas convictions when determining whether prejudicial error exists." This same section specifies that "[t]he court *may* remand the case if there is a reasonable question as to whether prejudicial error exists." (Emphasis added.) K.S.A. 21-6814(d).

Here, by raising the challenge to his criminal history for the first time on appeal, Vicknair has the burden to designate a record that shows prejudicial error. To meet this burden, Vicknair attached to his brief the complaint, the plea agreement, and the journal entry from his prior criminal threat conviction. But none of the permitted documents delineate under which subsection of K.S.A. 21-5415(a)(1) he was charged and convicted, so these documents do not clarify whether his previous criminal threat conviction was for reckless or intentional criminal threat. Likewise, the PSI report does not distinguish between reckless or intentional criminal threat.

Because Vicknair has offered the journal entry, complaint, and plea agreement— the only documents he is permitted to offer to support his burden under K.S.A. 21-6814(d)—but these documents do not conclusively show whether he was previously convicted of reckless or intentional criminal threat, it is unclear, though conceivable, that he was convicted of reckless criminal threat. K.S.A. 21-6814(d) allows this court to remand if we find "there is a reasonable question as to whether prejudicial error exists."

Another panel of our court remanded a case to the district court under similar circumstances. *State v. Lawson*, No. 126,008, 2024 WL 2104651 (Kan. App. 2024) (unpublished opinion), *rev. denied* 321 Kan. ___ (August 30, 2024). There, although Lawson admitted his criminal history score at sentencing, he challenged its calculation for the first time on appeal and provided journal entries from his prior convictions, as

7

permitted under K.S.A. 21-6814(d), as part of his appeal. But because the journal entries from his prior convictions that Lawson provided did not reveal whether he was convicted of intentional or reckless criminal threat, our court found that he raised a reasonable question as to whether prejudicial error existed. Our court vacated Lawson's sentence and remanded the case "to allow Lawson the opportunity to persuade the district court as to the correct scoring of his criminal history." 2024 WL 2104651, at *3.

Because the documents Vicknair was permitted to provide on appeal only suggest a question as to whether he was convicted of a crime under a statutory subsection which has since been found unconstitutional, we find he has, at minimum, raised a reasonable question. As a result, we vacate his sentence and remand this case to the district court for additional findings to permit Vicknair—whose burden it remains—the chance to convince the district court as to the correct scoring of his criminal history.

### WE DO NOT REACH THE QUESTION OF WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT FAILED TO INQUIRE ABOUT A POTENTIAL CONFLICT OF INTEREST BEFORE PLEA AND SENTENCING

In Vicknair's second argument, he claims that his Sixth Amendment right to counsel was violated when the district court failed to conduct a proper inquiry into his defense counsel's potential conflict.

After the parties' briefing was complete, we issued a show cause order directing the parties to brief the issue of why this conflict-of-interest claim should not be dismissed for lack of jurisdiction. Specifically, this issue goes to Vicknair's conviction, not his sentence. If Vicknair were to prevail on this issue, then the remedy would be for us to remand the case for the district court to conduct a hearing, with Vicknair represented by new counsel, to address the alleged conflict. If Vicknair were to demonstrate justifiable dissatisfaction with counsel that adversely affected counsel's representation, then the district court would set aside Vicknair's conviction and schedule the case for trial or plea.

8

See *State v. Brown*, 300 Kan. 565, 578, 331 P.3d 797 (2014). A defendant who has pled guilty cannot appeal a conviction without first moving to withdraw the plea, and an appellate court lacks jurisdiction to hear such an appeal. *State v. Smith*, 311 Kan. 109, 122, 456 P.3d 1004 (2020); see K.S.A. 22-3602(a).

In Vicknair's response to the show cause order, he concedes that a motion to withdraw his plea would be the more appropriate mechanism to raise a challenge to the *preconviction* denial of his motion for different counsel. Vicknair withdrew his argument on this Sixth Amendment issue as to the denial of his motion for different counsel preconviction only. Regarding Vicknair's claim that he was denied conflict-free counsel at his sentencing hearing, because the conflict of his counsel persisted through sentencing, he maintains that his guilty plea only divests this court of jurisdiction to review his conviction; it does not divest us of jurisdiction to review the sentencing hearing. See K.S.A. 22-3602(a).

Regardless of his postconviction conflict of interest claim, he asked this court to "treat Issue II as if it is an alternative argument to Issue I." That is, he sought relief on his conflict of interest claim to "ensure [he] is not denied relief on his criminal history challenge due to his trial counsel's failure to object" to his criminal history calculation before the district court. Because we remand this case for a new resentencing hearing on his criminal history challenge, we accept his invitation to decline to reach the conflict-of-interest claim.

That said, because we are remanding the case for resentencing in light of the criminal history issue, it would behoove the district court to consider appointing new counsel for Vicknair, if he continues to claim a conflict.

Sentence vacated and remanded with directions.

9