NOT DESIGNATED FOR PUBLICATION

No. 125,324

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH M. FRANKLIN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Submitted without oral argument. Opinion filed July 5, 2024. Reversed in part, dismissed in part, and remanded with directions.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, deputy district attorney, *Thomas R. Stanton*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Joseph M. Franklin was convicted at a jury trial of one count of robbery and one count of possession of marijuana. On appeal, Franklin challenges only the marijuana conviction, arguing: (1) The district court erred by constructively amending the charge; (2) the State failed to present sufficient evidence to support his conviction of possession of marijuana; and (3) the district court violated his rights under the Equal Protection Clause by erroneously scoring his criminal history. Because the trial court's jury instruction for possession of tetrahydrocannabinol (THC) coupled with the State's evidence impermissibly supported a charge different from that contained in the

1

complaint, we find that the possession of marijuana charge was impermissibly constructively amended. Although the State presented sufficient evidence for his conviction of marijuana, the jury was nonetheless instructed only on possession of THC. We reverse Franklin's conviction for possession of marijuana and remand the case for further proceedings, and dismiss his Equal Protection claim as moot, as we have previously addressed the same claim in another appeal.

FACTUAL AND PROCEDURAL BACKGROUND

After a break-in which was observed on security video led to a 911 call, Franklin was charged with one count of burglary of a non-dwelling structure under K.S.A. 2019 Supp. 21-5807(a)(2) (Count 1), and one count of possession of marijuana under K.S.A. 2019 Supp. 21-5706(b)(3) (Count 2).

The incidents leading to Franklin's arrest were outlined through witness testimony at trial. On the night of February 1, 2020, after being alerted by his video security system, Tracy L. Metzger saw a man and woman he did not recognize inside his rental shop in Hutchinson, Kansas, without his permission. After confirming his business partner was unaware of anyone that should be inside the facility at that time, Metzger called 911 and headed to the shop. When he arrived, officers from the Hutchinson Police Department had already detained the two individuals Metzger saw in the security video. At trial, Metzger identified the man in the security video as Franklin.

Officer Levi Harris was dispatched to the burglary in progress 911 call. Based on the description of the suspects, a male and female with bicycles, Officer Harris identified and contacted Franklin and a female, Sandra Thompson, about a block away from Metzger's rental shop. Franklin agreed to talk after Officer Harris read Franklin his *Miranda* rights. See *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Franklin told the officer that he was at the soup kitchen nearby and was going to a

2

friend's house. During the interaction, Metzger arrived and identified Franklin and Thompson as the individuals he saw on the surveillance camera. Franklin then told Officer Harris that he saw an open garage door and went inside to secure it and planned to try finding the owner of the building, though he did not know the owner. Franklin admitted he was broke and had a hard time coming up with money, so when he noticed some things inside the building worth money, he thought about stealing them but changed his mind. Franklin's interaction with Officer Harris was memorialized on the officer's body camera video, which was presented at trial.

Officer Harris arrested Franklin and searched his belongings for other stolen items. Officer Harris discovered a "one hitter style pipe," a common type of pipe that people use to pack small amounts of marijuana in and smoke it, in one of Franklin's backpack pockets. Officer Harris noticed the pipe smelled like burnt marijuana but was unable to field test the substance in the pipe because of the insufficient amount left on the tip of the pipe. The pipe was sent to the Kansas Bureau of Investigation (KBI) lab for further testing.

Alyssa Weeks, a forensic scientist with the KBI, received the sealed evidence envelope containing the pipe for testing. Weeks testified she performed both gas chromatography-mass spectrometry and thin layer chromatography testing on the pipe. Both tests resulted in a positive finding of tetrahydrocannabinol (THC), the main psychoactive ingredient found in marijuana. Although THC is present in marijuana, Weeks testified she could not give a clear answer on whether the presence of marijuana is required for a finding of THC, and she was not sure whether the THC residue came from marijuana or something else.

At the conclusion of the State's evidence at trial, Franklin moved the court to dismiss both counts. As to Count 2, the possession of marijuana charge, he argued it should be dismissed because the State failed to make its case since only THC and not

3

marijuana was found in the pipe. The district court denied Franklin's motion finding the State sufficiently established there was marijuana in the pipe found in Franklin's bag.

Without any objection, the district court provided jury instruction No. 9:

"In Count Two, Joseph Franklin is charged with unlawfully possessing tetrahydrocannabinol. Joseph Franklin pleads not guilty. To establish this charge, each of the following claims must be proved:

"1. Joseph Franklin possessed tetrahydrocannabinol.
"2. This act occurred on or between the 1st day of February 2020, in Reno County, Kansas.

"'Possession' means having joint or exclusive control over [an] item with knowledge of and the intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control.

"The State must prove that Joseph Franklin possessed tetrahydrocannabinol knowingly. A defendant acts knowingly when the defendant is aware of the nature of his conduct that the state complains about.

"Proof of possession of any amount of a controlled substance suffices to sustain a conviction even if the amount is not measurable or useable."

The jury found Franklin guilty of both charges.

Franklin moved the court for a downward durational and/or dispositional departure sentence. The district court found Franklin had a criminal history score of A, including a juvenile felony in 1977. The district court denied Franklin's departure motion, finding no substantial and compelling reasons to depart from the sentencing guidelines and sentenced him to 32 months in prison for Count 1, with a 1-year prison sentence for Count 2 to run concurrent to Count 1.

4

Franklin timely appeals.

## THE DISTRICT COURT ERRED BY CONSTRUCTIVELY AMENDING THE DRUG CHARGE

Franklin now argues that the district court constructively amended Count 2 through its jury instruction, resulting in his conviction for a crime broader than what was charged.

*Preservation*

Preservation is a threshold concern, and Franklin concedes he did not make this argument to the district court. Generally, appellate courts will not consider issues raised for the first time on appeal, even constitutional ones. See *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022); *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). But as Franklin points out, and the State concedes, this court has reviewed issues raised for the first time on appeal under certain exceptions to this general rule. Specifically, we have reviewed other constructive amendment claims under recognized exceptions, where the newly asserted theory involves only a question of law arising on proved or admitted facts and is determinative of the case or when consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). Because Franklin's claim involves only a question of law on proved or admitted facts, we likewise choose to consider the merits of his claim.

*Applicable Legal Standards*

Kansas courts have addressed constructive amendment claims by following federal caselaw from the Tenth Circuit Court of Appeals. *State v. Dickerson*, No. 125,529, 2024 WL 62834, at *2 (Kan. App. 2024) (unpublished opinion); see also *State v. Holmes*, No. 116,338, 2017 WL 5617102, at *3 (Kan. App. 2017) (unpublished

5

opinion) (citing *United States v. Farr*, 536 F.3d 1174, 1179 [10th Cir. 2008]). Whether a criminal complaint has been impermissibly constructively amended is subject to de novo review. *State v. Hunt*, 61 Kan. App. 2d 435, 438-39, 503 P.3d 1067 (2021), *rev. denied* 315 Kan. 970 (2022); see also *State v. Nesbitt*, No. 121,647, 2021 WL 3124049, at *3 (Kan. App. 2021) (unpublished opinion) (applying *Farr*'s constructive amendment rules for indictments to an information).

As explained by another panel of this court:

"Differences in the charged conduct and the evidence proven at trial present variances which may warrant reversal. A variance may occur in two different ways: (1) where the charging terms do not change, but the evidence at trial proves facts materially different from the facts alleged in the complaint; and (2) where the evidence presented at trial, coupled with the jury instructions, so alters the complaint as to charge a different crime. See *United States v. Koerber*, 10 F.4th 1083, 1115-16 (10th Cir. 2021), *cert. denied* 143 S. Ct. 326 (2022). The first scenario presents a simple variance which triggers harmless error review; the latter presents an impermissible constructive amendment which is reversible per se." *Dickerson*, 2024 WL 62834, at *2 (citing *United States v. Sells*, 477 F.3d 1226, 1237 [10th Cir. 2007]).

To determine whether a constructive amendment has occurred, we must examine whether the crime for which the defendant was convicted at trial was charged in the charging document. *Farr*, 536 F.3d at 1180; *Hunt*, 61 Kan. App. 2d at 438. To make this determination, we compare the charging document "with the district court proceedings to discern if those proceedings broadened the possible bases for conviction . . . ." *Farr*, 536 F.3d at 1180; *Hunt*, 61 Kan. App. 2d at 438. As noted above, an impermissible constructive amendment is reversible per se. *Sells*, 477 F.3d at 1237; see *State v. Vaughn*, No. 111,430, 2016 WL 367917, at *17 (Kan. App. 2016) (unpublished opinion).

6

*Franklin's possession of marijuana charge was constructively amended.*

Here, in the amended complaint, the State charged Franklin in Count 2 with possession of marijuana under K.S.A. 2019 Supp. 21-5706(b)(3), with the crime severity level determined under (c)(3)(B) (including a prior conviction which is irrelevant to our analysis here):

"That on or about the 1st day of February, 2020, in Reno County, Kansas, Joseph M Franklin, then and there being present did unlawfully and intentionally, knowingly or recklessly possess *marijuana*, a Schedule I drug as listed in K.S.A. 65-4105(d) and amendments thereto." (Emphasis added.)

But jury instruction No. 9, pertaining to Count 2, contained an element that was different from the crime charged:

"In Count Two, Joseph Franklin is charged with unlawfully possessing *tetrahydrocannabinol*. Joseph Franklin pleads not guilty. To establish this charge, each of the following claims must be proved:

"1. Joseph Franklin possessed *tetrahydrocannabinol*.

. . . .

"The State must prove that Joseph Franklin possessed *tetrahydrocannabinol* knowingly. . . ." (Emphases added.)

The evidence produced at trial by the expert, Weeks, only demonstrated there was THC in the pipe. No direct evidence was presented of the presence of marijuana, specifically, although circumstantial evidence was presented of the presence of marijuana, as discussed later.

7

The record clearly shows the discrepancy between the language of the complaint and the jury instruction. So, the question we are left with is: did the jury instruction, coupled with the direct evidence, so alter the complaint as to charge a different crime? See *United States v. Koerber*, 10 F.4th 1083, 1115-16 (10th Cir. 2021), *cert. denied* 143 S. Ct. 326 (2022).

Franklin argues he was charged with possession of marijuana, but the district court instructed the jury to find him guilty of the possession of THC. Because the two substances are listed as separate controlled substances under K.S.A. 65-4105 and separately criminalized under the statute, they are not interchangeable. Franklin maintains the jury was ultimately instructed to find him guilty of a different crime than that which he was charged, which impermissibly broadened the basis of his conviction.

The State insists that marijuana and THC are interrelated substances and possession of either substance is functionally the same under Kansas criminal statutes because they have identical punishments. Relying on Weeks' testimony that THC is an ingredient in marijuana, the State claims THC is a derivative of marijuana, as defined under K.S.A. 2019 Supp. 21-5701(j), and the nature of the substances makes marijuana and THC synonymous with each other. The State asserts since Franklin was charged under K.S.A. 2019 Supp. 21-5706, which criminalizes "unlawful possession of a controlled substance," the jury instruction was not erroneous because Franklin clearly was in possession of a controlled substance, whether it was marijuana or THC.

The State's argument is unconvincing on multiple grounds. First, the State's claim that marijuana and THC are functionally the same contradicts clear legislative intent. The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Betts*,

8

316 Kan. 191, 198, 514 P.3d 341 (2022). "When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words." *Keys*, 315 Kan. at 698.

Our Legislature identified marijuana and THC as separate substances in Schedule I of the Uniform Controlled Substances Act under K.S.A. 65-4105. Marijuana is identified under K.S.A. 2019 Supp. 65-4105(d)(17), while THC is listed under a different subsection, K.S.A. 2019 Supp. 65-4105(h)(1). Accordingly, in the Kansas Criminal Code, the unlawful possession of marijuana and THC are also separately categorized under K.S.A. 2019 Supp. 21-5706(b)(3) and (b)(7), respectively. And under K.S.A. 2019 Supp. 21-5706(c)(3)—the portion of the statute setting out the severity level of each crime—marijuana and THC are clearly delineated as separate categories under subsection (b) of the statute. ("If the substance involved is marijuana . . . or tetrahydrocannabinols . . . ."). We must construe statutes to avoid unreasonable or absurd results and we presume the Legislature does not intend to enact meaningless legislation. *State v. Smith*, 311 Kan. 109, 114, 456 P.3d 1004 (2020). To interpret the two substances as interchangeable despite them being distinguished in the statute would run afoul of Legislative intent.

The State tries to reinforce its argument by claiming that marijuana and THC are synonymous because THC is a derivative of marijuana, relying on the statutory definition of marijuana under K.S.A. 2019 Supp. 21-5701. In pertinent part, K.S.A. 2019 Supp. 21-5701(j) defines marijuana as "all parts of all varieties of the plant Cannabis whether growing or not, the seeds thereof, the resin extracted from any part of the plant and every compound, manufacture, salt, derivative, mixture or preparation of the plant, its seeds or resin." Although this definition does wrap derivatives from the plant Cannabis into the legal definition of marijuana, it does not specify that a chemical component or an active ingredient, such as THC, can alone be legally considered marijuana. The State provides no supporting authority to support its interpretation.

9

Second, to read K.S.A. 2019 Supp. 21-5701 in this manner creates a legal loophole. So long as an individual is charged with possession of a controlled substance under K.S.A. 2019 Supp. 21-5706(b)(3) or (b)(7), the State could later substitute the substance it charged in the jury instruction to whichever substance is easier to prove at trial. Such a "bait and switch" tactic is prohibited. *Dickerson*, 2024 WL 62834, at *2.

"To permit convictions premised on charges not contained in the State's charging instrument offends the notions of fundamental fairness and due process. It 'is axiomatic in our legal system that "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him."' *United States v. Farr*, 536 F.3d 1174, 1179 (10th Cir. 2008) (quoting *Stirone v. United States*, 361 U.S. 212, 217, 80 S. Ct. 270, 4 L. Ed. 2d 252 [1960]). Because the language employed by the State in complaints 'becomes an essential and delimiting part of the charge itself . . . "the jury instructions and evidence introduced at trial must comport with"' the complaint. *Farr*, 536 F.3d at 1181 (quoting *United States v. Bishop*, 469 F.3d 896, 902 [10th Cir. 2006])." *Dickerson*, 2024 WL 62834, at *2.

Finally, relying on this court's holding in *State v. Evans*, No. 116,149, 2018 WL 1545683 (Kan. App. 2018) (unpublished opinion), the State argues that transposition of the substance from marijuana to THC was harmless because it did not affect the jury's deliberation. But *Evans* is clearly distinguishable because there, the State charged the defendant for possessing marijuana *and/or* THC. A panel of this court found that, although the State's drafting of its complaint using "and/or" was "not good practice," there was ample evidence for the jury to find Evans in possession of marijuana or THC. 2018 WL 1545683, at *4. The same cannot be said here, because the jury instruction required a finding of THC alone, while the charging document included only marijuana. Unlike in *Evans*, the State here cannot show that interchanging the substance from marijuana to THC would be harmless.

10

Having established the State cannot support its argument that there is no substantial difference between possession of marijuana and THC, we must determine whether the substitution of the controlled substance in the jury instruction constituted an impermissible constructive amendment.

Several panels of this court have examined what constitutes an unconstitutional constructive amendment. For instance, in *State v. Montes*, No. 104,563, 2012 WL 307532, at *5 (Kan. App. 2012) (unpublished opinion), Montes was convicted of conspiracy to manufacture methamphetamine, but the complaint alleged that Montes acted in furtherance of the conspiracy when he obtained ingredients or provided a coconspirator with items to manufacture methamphetamine. But the jury instruction provided the State had to prove Montes acted in furtherance of the conspiracy by manufacturing methamphetamine. The *Montes* panel held the trial court's instruction broadened the basis for Montes' conviction and that it amounted to an impermissible constructive amendment. 2012 WL 307532, at *5.

Similarly, in *Holmes*, 2017 WL 5617102, at *2, Holmes was charged with aggravated battery, inflicting great bodily harm, disfigurement, or death. But the district court's instruction to the jury provided that the State needed to prove the defendant caused physical contact in a "'rude, insulting or angry manner in any manner whereby great bodily harm, disfigurement or death can be inflicted.'" 2017 WL 5617102, at *2. The panel found that Holmes was convicted of a different crime than what was charged because the jury instruction given by the district court broadened the charge against him. 2017 WL 5617102, at *5.

And in *Dickerson*, another panel arrived at a similar conclusion, finding the district court instructed the jury on broader terms of interference with law enforcement than the charge permitted, and the State argued to the jury that Dickerson interfered with an official duty different from what was charged. Finding "to constitute a constructive

11

amendment that requires reversal, the incongruity must concern essential elements of the charged conduct under the statutory offense," the *Dickerson* panel reversed the district court due to an unconstitutional constructive amendment. 2024 WL 62834, at *5.

Other panels have found no constructive amendment when the variance in the charging document and the jury instructions combined with the evidence during trial do not alter the essential elements of the statutory offense. In *Hunt*, a panel determined when jury instructions mirror the charging document, it does not broaden the basis for the charge and does not amount to a constructive amendment. 61 Kan. App. 2d at 442. Likewise, in *Nesbitt*, this court found when the information charged the defendant with aggravated robbery based on the infliction of bodily harm to a named victim while the instruction merely stated the jury had to find bodily harm was inflicted on any person, the difference did not amount to an unconstitutional constructive amendment. *Nesbitt*, 2021 WL 3124049, at *4. The panel explained that "the essential elements of the crime involve the statutory elements, not the specific actions or specific persons listed in the charging document" and the instruction still contained the essential elements of aggravated robbery as it was charged. 2021 WL 3124049, at *4.

Considering this court's prior rulings, we find a constructive amendment has occurred here. Like in *Dickerson*, *Holmes*, and *Montes*, the State broadened the basis for Franklin's conviction through a "bait and switch" tactic. Although the State initially charged Franklin with possession of marijuana, the State later switched the essential element of the crime it needed to prove to match the expert's testimony at trial.

Because the trial court's jury instruction coupled with the State's direct evidence impermissibly supported a conviction based on a charge different from that contained in the complaint, a constructive amendment occurred. Constructive amendments are reversible per se, so the State's argument that any error was harmless because marijuana

12

and THC are interchangeable is unconvincing. On this basis, we must reverse Franklin's conviction on Count 2, possession of marijuana.

EVIDENCE WAS SUFFICIENT TO CONVICT FRANKLIN OF POSSESSION OF MARIJUANA—BUT THAT WAS NOT HOW THE JURY WAS INSTRUCTED

Because we reverse Franklin's conviction for possession of marijuana, we must also examine his challenge to the sufficiency of the evidence for the same charge. See *State v. Jefferson*, 297 Kan. 1151, 1166, 310 P.3d 331 (2013). If the evidence offered by the State in the first trial was insufficient to support his conviction, a second trial on the same charge would violate Franklin's right to be free from double jeopardy. 297 Kan. at 1166 (citing *State v. Hernandez,* 294 Kan. 200, 209, 273 P.3d 774 [2012] [noting that when reversal is appropriate on at least one ground, the court must address challenge to sufficiency of evidence for double jeopardy purposes]).

*Applicable Legal Standards*

"'When the sufficiency of the evidence is challenged in a criminal case, we review the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021). "This is a high burden, and only when the testimony is so incredible that no reasonable fact-finder could find guilt beyond a reasonable doubt should we reverse a guilty verdict." *State v. Meggerson*, 312 Kan. 238, 247, 474 P.3d 761 (2020).

*The State presented sufficient evidence to support a conviction for possession of marijuana.*

Franklin argues the State, at best, presented evidence to prove that the pipe found in his backpack contained THC. We do not entirely agree.

13

The State has the ultimate duty to present evidence proving each element of the crime beyond a reasonable doubt. *State v. Buchanan*, 317 Kan. 443, 454, 531 P.3d 1198 (2023). As noted above, Franklin was convicted of possession of marijuana under K.S.A. 2019 Supp. 21-5706(b)(3), which prohibits, in pertinent part, the possession of "any hallucinogenic drug designated in K.S.A. 65-4105(d), 65-4107(g) or 65-4109(g), and amendments thereto." Marijuana is listed as a Schedule I drug, K.S.A. 65-4105(d)(17), and the drugs contained in Schedule II (65-4107[g]) and Schedule III (65-4109[g]) are inapplicable here. The State was required to prove that Franklin possessed a substance meeting the legal definition of marijuana, and as discussed above, marijuana and THC are clearly distinguished in the Uniform Controlled Substances Act, under K.S.A. 2019 Supp. 65-4105(d)(17) and K.S.A. 2019 Supp. 65-4105(h)(1), respectively; and criminalized separately under K.S.A. 2019 Supp. 21-5706(b)(3) and (b)(7), respectively.

In support of the conviction, the State relies on this court's unpublished opinion in *State v. Baldwin*, No. 124,442, 2023 WL 5163292 (Kan. App. 2023) (unpublished opinion). In *Baldwin*, the defendant was charged and convicted of possession of marijuana and drug paraphernalia. 2023 WL 5163292, at *3. Baldwin argued the State failed to establish whether the substance alleged to be in his possession was indeed marijuana and that it did not fall under any exempt substances under K.S.A. 21-5107. 2023 WL 5163292, at *3. This court found that

> "while THC is one indicator that a substance is marijuana, it is not the only indicator. Circumstantial, as well as direct, evidence can assist a jury in determining whether the substance at issue is marijuana. In fact, a conviction can be based entirely on circumstantial evidence so long as the evidence supporting the verdict permits the fact-finder to draw reasonable inferences regarding the facts at issue. Circumstantial evidence need not exclude every other reasonable conclusion to be sufficient to support a conviction. *State v. Banks*, 306 Kan. 854, 858-59, 397 P.3d 1195 (2017)." 2023 WL 5163292, at *4.

14

The *Baldwin* panel determined the law enforcement officer's testimony, defendant's testimony during trial, and the State's expert testimony, although all circumstantial, was enough evidence to support a finding that the substance found in Baldwin's possession was marijuana. 2023 WL 5163292, at *5-6.

Here, the circumstantial evidence paints a similar narrative. The State presented evidence to show Franklin physically possessed marijuana through Officer Harris' interactions with him during the arrest. Officer Harris testified that he smelled burnt marijuana on the pipe based on his professional experience. Officer Harris also confirmed with Franklin that he last smoked marijuana two days prior to the incident and that the one-hitter pipe could be his. Weeks' testimony that THC is an active ingredient in marijuana, in combination with the other circumstantial evidence, could support the jury's belief that Franklin possessed marijuana.

This court does not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses. *Aguirre*, 313 Kan. at 209. And viewed in a light most favorable to the State, a reasonable fact-finder could conclude there was enough evidence to find that the substance in the pipe found in Franklin's bag was marijuana. Accordingly, if this were the sole question in this appeal, we would be compelled to find there was sufficient evidence to support Franklin's conviction and affirm the same.

But here we are faced with a situation where the jury was simply not instructed to consider whether Franklin was guilty of possessing marijuana. Instead, the jury was solely instructed that the State was required to prove that Franklin possessed THC, not marijuana, to find Franklin guilty of Count 2. Although there was enough evidence to find Franklin was in possession of marijuana, circumstantial as it may be, the jury could not have reached a determination of possession of marijuana because it was not instructed to do so. The jury was deprived of the option to consider that element.

Double jeopardy may be implicated when we reverse and remand a case for a second trial on the same charges under specific circumstances. If the evidence presented during the first trial was insufficient to support his conviction for possession of marijuana, a second trial on the same charge would violate Franklin's rights. See *Jefferson*, 297 Kan. at 1166. However, double jeopardy does not act as a bar to a retrial where the defendant appeals and obtains a reversal of the conviction based upon an error in the proceeding. See *Hernandez*, 294 Kan. at 209 (citing *Ball v. United States*, 163 U.S. 662, 671-72, 16 S. Ct. 1192, 41 L. Ed. 300 [1896]). Because we find the evidence would have been sufficient, but the instruction error requires per se reversal, remand for a new trial does not implicate double jeopardy, and we hold fast to our reversal of the conviction for possession of marijuana and remand for a new trial.

FRANKLIN'S EQUAL PROTECTION ARGUMENT IS MOOT

Franklin's final contention on appeal is that the district court violated his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by erroneously scoring his criminal history as A. We need not reach this argument for two reasons. First, we reverse his conviction for possession of marijuana and the district court must proceed accordingly.

More importantly, this issue has already been decided in another appeal by Franklin. In case No. 125,323, after Franklin's appeal of his sentence and motion for summary disposition, this court vacated Franklin's sentence and remanded for resentencing using the correct criminal history score. *State v. Franklin*, No. 125,323 (order filed August 24, 2023).

Franklin fails to address this court's finding in case No. 125,323 or provide any reason why this court should readdress the issue. The burden is on Franklin to designate a record sufficient to present his points and establish his claims, but he does not do so.

16

*Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013); see Supreme Court Rule 6.02(a)(4) (2024 Kan. S. Ct. R. at 36). We dismiss Franklin's Equal Protection argument as moot.

Reversed in part, dismissed in part, and remanded with directions.